# EXHIBIT A



**KENTUCKY**
*COURT OF JUSTICE*

**19-CI-00977**

### NIXON, ROBERT VS. ANTHEM, INC. , ET AL

**FRANKLIN CIRCUIT COURT**
Filed on **09/20/2019** as **CONTRACT** with **HON. PHILLIP J. SHEPHERD**
**\*\*\*\* NOT AN OFFICIAL COURT RECORD \*\*\*\***

---

| Parties | 19-CI-00977 |
|---|---|

**ANTHEM UM SERVICES, INC.** as **DEFENDANT / RESPONDENT**

**Memo**

Registered Agent of Service exists.

**Summons**

**CIVIL SUMMONS** issued on **09/20/2019** by way of **CERTIFIED MAIL**
*9214890194038390751751*

**ANTHEM, INC.** as **DEFENDANT / RESPONDENT**

**Address**

KATHLEEN S. KIEFER
220 VIRGINIA AVENUE
INDINAPOLIS IN 46204

**Summons**

**CIVIL SUMMONS** issued on **09/20/2019** served on **10/11/2019** by way of **LONG ARM STATUTE - SOS**
*7018 1830 0000 1321 3433SOS RCVD ON 10/1/19RCVD PROOF OF SERVICE FROM SOS ON 10/17/19SIGNATURE I LLEGIBLE*

---

**NIXON, ROBERT** as **PLAINTIFF / PETITIONER**

**FAIRBANKS, PHILIP** as **ATTORNEY FOR PLAINTIFF**

**Address**

MEHR, FAIRBANKS & PETERSON
201 WEST SHORT STREET, SUITE 800
LEXINGTON KY 40507

---

**CT CORPORATION SYSTEM** as **REGISTERED AGENT OF SERVICE**

**Memo**

Related party is ANTHEM UM SERVICES, INC.

**Address**

306 WEST MAIN STREET
SUITE 512
FRANKFORT KY 40601

---

| Documents | 19-CI-00977 |
|---|---|

**COMPLAINT / PETITION** filed on **09/20/2019**

| Images | 19-CI-00977 |
|---|---|

**COMPLAINT / PETITION** filed on **09/20/2019**   *Page(s): 17*

**SUMMONS** filed on **09/20/2019**   *Page(s): 1*

**SUMMONS** filed on **09/20/2019**   *Page(s): 1*

**COURTESY FINANCIAL TRANSACTION REPORT** filed on **09/20/2019**   *Page(s): 1*

**\*\*\*\* End of Case Number : 19-CI-00977 \*\*\*\***

COMMONWEALTH OF KENTUCKY
FRANKLIN CIRCUIT COURT
DIVISION _____
CIVIL ACTION NO. _____
*Electronically Filed*

ROBERT NIXON, on behalf                                        PLAINTIFF
of himself and all others similarly
situated

vs.                        **CLASS ACTION COMPLAINT**
                           **AND JURY DEMAND**

ANTHEM, INC.; and                                              DEFENDANTS
ANTHEM UM SERVICES, INC.

        Serve:

        Agent for Anthem, Inc.:
        Kathleen S. Kiefer
        Anthem, Inc.
        220 Virginia Avenue
        Indianapolis, IN 46204

        Registered Agent for Anthem UM Services, Inc.:
        CT Corporation System
        306 West Main Street
        Suite 512
        Frankfort, KY 40601

                ** ** ** ** ** ** ** ** ** ** **

        Plaintiff Robert Nixon, on behalf of himself and all others similarly situated, sets forth

herein the allegations of his Class Action Complaint against Defendants Anthem, Inc. and

Anthem UM Services, Inc.

                              **Introduction**

        1.      Anthem, Inc. ("Anthem) is one of the largest health benefits companies in the United

                States in terms of medical membership, serving approximately 40 million members

                throughs its affiliated companies as of December 31, 2018, according to its Schedule

Presiding Judge: HON. PHILLIP J. SHEPHERD (648260)

COM : 000001 of 000017

10-k filings with the Securities and Exchange Commission.  Through its wholly-owned subsidiaries and affiliated companies, including Defendant Anthem UM Services, Inc. ("Anthem UM"), Anthem acts throughout the United States as a full-service company in the business of insuring and administering health insurance and health benefit plans, many of which are employer-sponsored and governed by the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001, et seq. (the "Anthem Plans").

2.     Anthem UM serves as the claims administrator for the Anthem Plans and is responsible for deciding whether claims are covered under the Anthem Plans, including both fully-insured and self-insured plans.

3.     Anthem and Anthem UM aid each other in the administration of the Anthem Plans, including working together and at each other's direction in the development of coverage guidelines they call "Medical Policies," which are used to make decisions about which claims are approved or denied.

4.     Anthem and Anthem UM have acted as ERISA fiduciaries and administrators with respect to the Anthem Plans, including Plaintiff Robert Nixon's plan.

5.     This case involves the Defendants' uniform practice of denying coverage for a medical procedure known commonly as minimally invasive sacroiliac joint fusion surgery ("MISIJF") on the basis that it is "investigational and not medically necessary."

6.     Defendants have developed and utilized a medical coverage policy called "Sacroiliac Joint Fusion (SURG.00127)," which uniformly, and contrary to medical standards, classifies MISIJF procedures as "investigational and not medically necessary."

2

Presiding Judge: HON. PHILLIP J. SHEPHERD (648260)

COM : 000002 of 000017

7.      The products used for MISIJF have been approved by the United States Food and

Drug Administration ("FDA"); the procedure is approved for Medicare beneficiaries

throughout the United States; it is considered safe and effective by medical societies

and associations; and it has been regularly performed by surgeons around the country.

8.      Plaintiff brings this action to redress Defendants' uniform and repeated violations of

ERISA resulting from their practice of denying coverage for MISIJF as

"investigational" and "not medically necessary." Through uniform development and

use of a medical policy on sacroiliac joint fusion, Defendants have erroneously, and

contrary to prevailing medical standards, denied all requests for MISIJF.

## Jurisdiction and Venue

9.      This action is brought under ERISA, 29 U.S.C. §§ 1132(a), (e), (f), and (g) as it

relates to claims for employee benefits under employee welfare benefit plans.

10.     This Court has jurisdiction over the Defendants because ERISA allows for

nationwide service of process and because each Defendant has minimum contacts

within this state and in Franklin County.

11.     Under 29 U.S.C. § 1132(e), state courts have concurrent jurisdiction, along with the

federal courts, of actions involving claims brought under 29 U.S.C. § 1132(a)(1)(B).

12.     Venue is appropriate in this Court because Defendant Anthem UM maintains its

registered agent in this county, located at 306 West Main Street, Suite 512, Frankfort,

KY 40601.

COM : 000003 of 000017

3

### Parties

13. Plaintiff Robert Nixon at all relevant times was a participant in and covered by the Catholic Health Initiatives Medical Plan ("CHIMP"), an employee welfare benefit plan under which Plaintiff is entitled to health care benefits.

14. Anthem and Anthem UM are corporations, both of which have their principal place of business in Indianapolis, Indiana. They administer and make benefit determinations related to ERISA health care plans within this district and nationwide.

### Background

15. Plaintiff and the class members are and/or were covered by health plans, either self-funded or fully insured, administered by Defendants and which provided medical and surgical benefits.

16. Included within the health plans is a provision that excludes coverage for services that are "investigational" and a provision requiring services to be "medically necessary."

17. Plaintiff was covered under the CHIMP, a self-funded plan administered by Defendants, and which contained definitions for "investigational" and "medically necessary" that are the same, or in all respects substantially similar, to definitions contained in all Anthem Plans.

### Minimally Invasive and Percutaneous Sacroiliac Joint Fusion Surgery

18. The sacroiliac joints serve as the connection between the spine and pelvis. These joints are a well-known cause of pain, typically resulting in pain in the low back and buttocks, sometimes with radiation into the groin and/or upper legs.

19. Non-surgical treatment for sacroiliac joint pain includes pain medications, physical therapy, injections, and ablation.

4

Presiding Judge: HON. PHILLIP J. SHEPHERD (648260)

COM : 000004 of 000017

Filed          19-CI-0097⌐   09/20/2019          Amy Feldman, Franklin Circuit Clerk

20. Surgical treatment for sacroiliac joint pain includes open surgery and MISIJF. These surgical procedures fuse the sacrum and ilium.

21. MISIJF involves the use of small incisions under fluoroscopic guidance, generally with the placement of titanium triangular implants.

22. MISIJF has substantiated high rates of pain relief and improvement of functional measures, along with low rates of complications.

23. In November 2008, one of the devices used in MISIJF was granted substantial equivalence section 510(k) approval by the FDA for use in MISIJF. Similar products have received the same approval since that time.

24. In 2014, the International Society for the Advancement of Spine Surgery issued a policy statement indicating that MISIJF is a safe and effective procedure for patients with pain due to sacroiliac joint disorders.

25. In 2015, the National American Spine Society issued a coverage policy statement indicating that MISIJF is indicated for patients with pain due to sacroiliac joint disorders.

26. In 2015, several Medicare Administrative Contractors issued local coverage determinations that MISIJF is indicated for the treatment of sacroiliac joint pain and would be approved for Medicare beneficiaries.

27. By June 16, 2016, all Medicare Administrative Contractors (consisting of all 50 states) had removed MISIJF from non-covered services and indicated it would be approved for Medicare beneficiaries.

5

Presiding Judge: HON. PHILLIP J. SHEPHERD (648260)

COM : 00005 of 000017

28.   These coverage determinations and policy statements were based, in part, on collective medical studies, articles, and findings indicating that MISIJF was safe and effective for the treatment of sacroiliac joint pain.

29.   Those medical studies, clinical trials, articles, and findings uniformly indicate that MISIJF is safe and effective. There are no contrary studies.

30.   Additionally, MISIJF is widely recognized in the medical community as safe and effective for treatment of sacroiliac joint pain and is performed at medical facilities throughout the country.

### Defendants' Medical Policy

31.   Defendants have developed and implemented Medical Policies that they use to make determinations as to whether medical procedures are investigational and/or medically necessary.

32.   On information and belief, these Medical Policies are used to make coverage determinations for all Anthem Plans.

33.   Anthem UM uses the Medical Policies to administer claims under the Anthem Plans, and those medical policies were developed by Anthem (and/or its affiliates) and Anthem UM for use in making coverage determinations under the Anthem Plans.

34.   Specific to sacroiliac joint fusion surgery, the Defendants have used Medical Policy SURG.00127 to deny requests for MISIJF.

35.   Defendants' own Medical Policy SURG.00127 cites to several articles, clinical trials, medical society coverage positions, and medical findings, all of which support the safety and effectiveness of MISIJF.

6

Presiding Judge: HON. PHILLIP J. SHEPHERD (648260)

COM : 000006 of 000017

36.   Despite this evidence, Medical Policy SURG.00127 nonetheless categorically denies all requests for MISIJF. It states, "Minimally invasive sacroiliac joint fusion and percutaneous sacroiliac joint fusion procedures are considered **investigational and not medically necessary.**" (emphasis in original).

37.   Anthem Plans exclude coverage for services that are "investigational," and that term is defined in a substantially similar manner throughout all Anthem Plans, including the definition in Plaintiff's plan:

Investigational…means procedures, drugs, devices, services and/or supplies which:
- Are provided or performed in special settings for research purposes or under a controlled environment and which are being studied for safety, efficiency, effectiveness, and/or
- Are awaiting endorsement by the appropriate National Medical Specialty College or federal government agency for general use by the medical community at the time they are rendered to you, and
- Specifically with regard to drugs, combination of drugs and/or devices, are not finally approved by the Food and Drug Administration at the time used or administered to you.

38.   Anthem Plans contain exclusionary language with respect to services that are "investigational," and that exclusionary language is defined in a substantially similar manner throughout all Anthem Plans, including the language in Plaintiff's plan:

You are not covered for a service, supply, device, or drug that is Investigational, experimental or unproven. A treatment is considered Investigational or experimental when it has progressed to limited human applications but has not achieved recognition as being proven effective in clinical medicine.
To determine Investigational or experimental status, the Claims Administrator may refer to technical criteria established, including whether a service, supply, device, or other drug meets these criteria:
- It has final approval from the appropriate governmental regulatory bodies;
- The scientific evidence must permit conclusions concerning its effect on health outcomes;
- It improves the net health outcome;
- It is as beneficial as any established alternatives; and
- The health improvement is attainable outside the Investigational settings.

7

Presiding Judge: HON. PHILLIP J. SHEPHERD (648260)

COM : 000007 of 000017

39.    Anthem Plans do not cover services that are not "medically necessary," and that term is defined in a substantially similar manner throughout all Anthem Plans, including the definition in Plaintiff's plan:

A Medically Necessary health care service is one that a Provider, exercising prudent clinical judgment, provides to a patient for the purpose of preventing, evaluating, diagnosing, or treating an Illness, Accidental Injury, disease, or its symptoms, and is:
- Provided in accordance with generally accepted standards of medical practice. Generally accepted standards of medical practice are based on:
  - Credible scientific evidence published in peer-reviewed medical literature generally recognized by the relevant medical community; and
  - Physician Specialty Society recommendations and the views of Physicians practicing in the relevant clinical area; and
  - Any other relevant factors; and
- Clinically appropriate in terms, type, frequency, extent, site, and duration, and considered effective for the patient's Illness, Accidental Injury, or disease; and
- Not provided primarily for the convenience of the patient, Physician, or other health care Provider.

40.    Despite the proven safety and efficacy of MISIJF, Defendants have categorically denied all requests for benefits related to MISIJF on the basis that it is investigational and not medically necessary under all circumstances under Medical Policy SURG.00127.

41.    MISIJF is not investigational under the Plaintiff's plan or the terms of the Anthem Plans.

### Plaintiff's request for MISIJF

42.    Plaintiff suffers from sacroiliac joint pain, with pain in the buttocks and groin.

43.    Plaintiff has treated with Dr. Harry Lockstadt, a board-certified orthopedic surgeon who practices medicine at Bluegrass Orthopaedics in Lexington, Kentucky.

44.    Plaintiff has undergone extensive medical testing and treatment on his low back and sacroiliac joint, including MRI, CT scan, x-rays, diagnostic SI joint blocks, epidural

Presiding Judge: HON. PHILLIP J. SHEPHERD (648260)

COM : 000008 of 000017

8

injections, and physical examinations confirming the SI joint as the source of his pain.

45.   On July 25, 2018, Dr. Lockstadt recommended that Plaintiff undergo MISIJF.

46.   Plaintiff and Dr. Lockstadt sought authorization from the Defendants for the performance of the MISIJF procedure.

47.   On November 9, 2018, Defendants sent a letter denying Plaintiff's request for coverage and requesting additional information. The letter stated that the request was "reviewed for your plan by Anthem UM Services, Inc."

48.   On December 10, 2018, Defendants sent Plaintiff another letter denying his appeal with respect to his request for MISIJF. The letter stated, "Anthem UM Services, Inc. is a separate company providing utilization review services on behalf of Anthem Blue Cross and Blue Shield." The Defendants stated, "[c]overage for the services remains denied because they are considered investigational and not medically necessary."

49.   The letter advised that according to Anthem UM, "Medical studies have shown that this procedure works well for treating tumors, infection, or trauma in the area of the sacroiliac joint. We have seen do not show that this surgery works well to relieve your type of pain. For this reason, we believe that this surgery is investigational and not medically necessary for you. We based our decision on health plan medical policy called Sacroiliac Joint Fusion (SURG.00127)."

50.   Plaintiff appealed this decision, but in response, Defendants sent Plaintiff a letter dated January 11, 2019, wherein they advised, "Anthem UM Services is a separate company providing utilization review services on behalf of Anthem Blue Cross and

9

Presiding Judge: HON. PHILLIP J. SHEPHERD (648260)

COM : 000009 of 000017

Blue Shield." Anthem upheld its denial of coverage and again alleged, "the services are considered investigational and not medically necessary."

51.     Plaintiff made additional requests for authorization for MISIJF, but Defendants sent a similar letter denying the request as "investigational" on June 3, 2019. Defendants stated the request was "reviewed for your plan by Anthem UM Services, Inc."

52.     On September 10, 2019, Defendants sent another letter denying the request for authorization for MISIJF. The letter stated the request was "reviewed for your plan by Anthem UM Services, Inc." and was denied because it was "investigational."

53.     All these denials relied on Defendants' Medical Policy SURG.00127, which categorically denies requests for MISIJF.

## CLASS ACTION ALLEGATIONS

54.     Plaintiff incorporates by reference all preceding paragraphs as if fully stated herein.

55.     Pursuant to Rule 23 of the Kentucky Rules of Civil Procedure, Plaintiff brings this lawsuit as a class action on behalf of himself and on behalf of all others similarly situated.   This action satisfies the requirements of numerosity, commonality, typicality, ascertainably, and adequacy of representation.

56.     The proposed class that Plaintiff seeks to represent is defined as follows:

> All persons covered under Anthem Plans, governed by ERISA, whether self-funded or fully insured, whose request(s) for minimally invasive sacroiliac joint fusion surgery were denied by Anthem UM at any time during the applicable limitations period pursuant to Anthem's Medical Policy on Sacroiliac Joint Fusion, SURG.00127, on the bases that the surgery was investigational and/or not medically necessary.

57.     Plaintiff and the class reserve the right to amend or modify the class to include greater specificity, by further division into subclasses, or by limitation to particular issues.

10

Presiding Judge: HON. PHILLIP J. SHEPHERD (648260)

COM : 000010 of 000017

58. The members of the proposed class are so numerous that joinder of all members is impracticable. While the precise number of proposed class members has not been determined at this time, Plaintiff reasonably believes there is a significant number of individuals covered under the Anthem Plans who have been similarly affected. The names and addresses of the members of the proposed class are readily identifiable through records maintained by the Defendants or from information readily available to the Defendants.

59. The Defendants have acted on grounds generally applicable to the proposed class in that Anthem UM serves as claims administrator for the Anthem Plans and bases coverage determinations on Medical Policies that it applies to all proposed class members.

60. Common questions of law and fact exists as to all members of the proposed class and predominate over any questions affecting only individual members.

61. Plaintiff's claims are typical of the claims of all proposed class members, as they are similarly affected by the Defendants' custom and practice of denying all requests for MISIJF based on allegations it is "investigational" or not "medically necessary." Plaintiff is not different in any material respect from any other member of the proposed class.

62. Plaintiff and his counsel will fairly and adequately protect the interests of the members of the proposed class. Plaintiff's interests do not conflict with the interests of the proposed class he seeks to represent. Plaintiff has retained lawyers who are competent and experienced in class action and ERISA litigation. Plaintiff and Plaintiff's counsel have the necessary financial resources to adequately and

11

vigorously litigate this class action, and Plaintiff and counsel are aware of their responsibilities to the proposed class members and will diligently discharge those duties by vigorously seeking the maximum possible recovery for the proposed class while recognizing the risks associated with litigation.

63. A class action is superior to all other available methods for the fair and efficient adjudication of this controversy. Joining all proposed class members in one action is impracticable and prosecuting individual actions is not feasible. The size of the individual claims is likely not large enough to justify filing a separate action for each claim. For many, if not most, members of the proposed class, a class action is the only procedural mechanism that will afford them an opportunity for legal redress and justice. Even if proposed class members had the resources to pursue individual litigation, that method would be unduly burdensome to the courts in which such cases would proceed. Individual litigation exacerbates the delay and increases the expense for all parties, as well as the court system. Individual litigation could result in inconsistent adjudications of common issues of law and fact.

64. In contrast, a class action will minimize case management difficulties and provide multiple benefits to the litigating parties, including efficiency, economy of scale, unitary adjudication with consistent results and equal protection of the rights of Plaintiff and members of the proposed class. These benefits would result from the comprehensive and efficient supervision of the litigation by a single court.

65. Questions of law or fact common to Plaintiff and the proposed class members predominate over questions affecting only individual members (if any), and a class action is superior to other available methods for the fair and efficient adjudication of

12

Presiding Judge: HON. PHILLIP J. SHEPHERD (648260)

COM : 000012 of 000017

Filed 19-CI-0097~ 09/20/2019 Amy Feldman, F...nklin Circuit Clerk

the controversy. Class action treatment will allow a large number of similarly situated consumers to prosecute their common claims in a single forum, simultaneously, efficiently, and without the necessary duplication of effort and expense that numerous individuals would require. Further, the monetary amounts due to many individual proposed class members may be relatively small, and the burden and expense of individual litigation would make it difficult or impossible for individual proposed class members to seek and obtain relief. On the other hand, a class action will serve important public interests by permitting consumers harmed by the Defendants' unlawful practices to effectively pursue recovery of the sums owed to them, and by deterring further unlawful conduct. The public interest in protecting the rights of consumers favors disposition of the controversy in the class action form.

66.  Class certification is further warranted because Defendants have acted or refused to act on grounds that apply generally to the class, so final injunctive relief or corresponding declaratory relief is appropriate respecting the class as a whole. Plaintiff may seek, in the alternative, certification of an issues class under Ky. R. Civ. P. 23.03(6), (7).

## COUNT I – DENIAL OF PLAN BENEFITS AND FOR CLARIFICATION AND/OR ENFORCEMENT OF RIGHTS UNDER AN ERISA PLAN BROUGHT ON BEHALF OF PLAINTIFF AND THE CLASS: 29 U.S.C. § 1132(a)(1)(B)

67.  Plaintiff and the class members incorporate by reference all preceding paragraphs as if repeated herein.

68.  Under 29 U.S.C. § 1132(a)(1)(B), Plaintiff is entitled to recover benefits due under the terms of the plan and to enforce and clarify his rights to the benefits at issue.

Presiding Judge: HON. PHILLIP J. SHEPHERD (648260)

COM : 000013 of 000017

13

69.    As set forth above, Defendants have categorically denied all requests for MISIJF based upon the erroneous position in SURG.00127 alleging that MISIJF is investigational and not medically necessary.

70.    Defendants' categorical denials for services based on SURG.00127 are contrary to the established medical and scientific evidence of the safety and efficacy of MISIJF, the FDA 510(k) clearance of the products, the Medicare Administrative Contractors' acceptance of MISIJF as medically indicated and approved for Medicare beneficiaries, and the procedure's general acceptance in the medical community.

71.    Because of the Defendants' categorical denials of MISIJF, Defendants failed to adopt or implement any standards or criteria for the approval of the procedures and did not assess the individual eligibility for any person.

72.    Plaintiff and the members of the class have been harmed by Defendants' improper benefit denials because Defendants have used coverage criteria that were inconsistent with the applicable plan terms.

73.    As the entities responsible for making coverage determinations and for developing internal practices and procedures for making such determinations, Defendants are ERISA fiduciaries.

74.    As ERISA fiduciaries, and pursuant to 29 U.S.C. § 1104(a), Defendants are required to discharge their duties "solely in the interest of the participants and beneficiaries" and for the "exclusive purpose" of providing benefits to participants and their beneficiaries and paying reasonable expenses of administering the plan(s). They must do so with reasonable care, skill, and prudence in accordance with the terms of the plan(s). They must conduct themselves with the fiduciary duty of loyalty.

14

75. Defendants violated these duties by developing, adopting, and implementing the erroneous SURG.00127 Medical Policy.

76. Plaintiff and the class have been harmed by the Defendants' breaches of these duties and by the denial of benefits under the Anthem Plans.

77. On behalf of himself and the class, Plaintiff seeks a clarification and enforcement of his rights under the plan(s) relating to Defendants' categorical denial of MISIJF as "investigational" and not "medically necessary."

## COUNT II – BREACH OF FIDUCIARY DUTY AND EQUITABLE RELIEF UNDER AN ERISA PLAN BROUGHT ON BEHALF OF PLAINTIFF AND THE CLASS: 29 U.S.C. § 1132(a)(3)

78. Plaintiff and the class members incorporate by reference all preceding paragraphs as if repeated herein.

79. Defendants have acted as ERISA fiduciaries with respect to the administration of the Anthem Plans and with respect to the determinations to deny coverage for MISIJF.

80. Defendants have categorically and erroneously denied the Plaintiff's claims and the class members' claims for MISIJF.

81. Defendants have violated their fiduciary duties under 29 U.S.C. § 1104(a), and have violated 29 U.S.C. § 1133, and its associated regulations under 29 C.F.R. 2560.503-1 by failing to provide adequate reasons for the denial of claims other than through their development, implementation, and use of erroneous Medical Policy SURG.00127.

82. Under 29 U.S.C. § 1132(a)(3), Plaintiff and the class seek appropriate declaratory, equitable, and remedial relief as detailed below.

83. Plaintiff and the class have been harmed and are likely to continue to be harmed by Defendants' actions.

Presiding Judge: HON. PHILLIP J. SHEPHERD (648260)

COM : 000015 of 000017

WHEREFORE, Plaintiff seeks the following relief on behalf of himself and the class,

1.  Certification of this action as a class action, appointing Plaintiff Robert Nixon as the representative of the class and appointing Plaintiff's attorneys as counsel for the class;

2.  An order that MISIJF is not investigational and has been medically necessary under appropriate medical criteria at all times within the applicable limitations period;

3.  An order and/or injunction requiring Defendants to reevaluate and reprocess the claims of the Plaintiff and the class for MISIJF without the erroneous investigational and not medically necessary bases and under appropriate criteria;

4.  An order and/or injunction requiring Defendants to provide notice of the reevaluation and reprocessing in a form and manner required by ERISA to all class members who have had requests for MISIJF denied;

5.  An order and/or injunction precluding Defendants from relying on other specific reasons or plan provisions not recited in their denial letters;

6.  An accounting and disgorgement of any profits made by Defendants from improperly denying the claims;

7.  Attorney's fees under 29 U.S.C. § 1132(g), costs, and prejudgment and post judgment interest;

8.  Any other equitable and remedial relief the Court may deem appropriate; and

9.  Trial by jury for any such issues triable.

Presiding Judge: HON. PHILLIP J. SHEPHERD (648260)

COM : 000016 of 000017

16

Filed          19-CI-0097          09/20/2019          Amy Feldman, Franklin Circuit Clerk

Respectfully submitted,

/s/ *Philip G. Fairbanks*
M. AUSTIN MEHR
PHILIP G. FAIRBANKS
ERIK D. PETERSON
**Mehr, Fairbanks & Peterson**
**Trial Lawyers, PLLC**
201 West Short Street, Suite 800
Lexington, Kentucky 40507
Telephone:  859-225-3731
Facsimile:  859-225-3830
pgf@austinmehr.com
*Attorneys for Plaintiff*

17

Presiding Judge: HON. PHILLIP J. SHEPHERD (648260)

COM : 000017 of 000017



| AOC-E-105    Sum Code: CI | | Case #: 19-CI-00977 |
| --- | --- | --- |
| Rev. 9-14 | | Court:  CIRCUIT |
| Commonwealth of Kentucky | | County: FRANKLIN |
| Court of Justice   Courts.ky.gov | | |
| CR 4.02; Cr Official Form 1 | **CIVIL SUMMONS** | |

*Plaintiff,* NIXON, ROBERT VS. ANTHEM, INC. , ET AL, *Defendant*

TO: **ANTHEM, INC.**

  **KATHLEEN S. KIEFER**

  **220 VIRGINIA AVENUE**

  **INDIANAPOLIS, IN 46204**

The Commonwealth of Kentucky to Defendant:

   You are hereby notified that a **legal action has been filed against you** in this Court demanding relief as shown on the document delivered to you with this Summons.  **Unless a written defense is made by you or by an attorney on your behalf within twenty (20) days** following the day this paper is delivered to you, judgment by default may be taken against you for the relief demanded in the attached complaint.

The name(s) and address(es) of the party or parties demanding relief against you or his/her (their) attorney(s) are shown on the document delivered to you with this Summons.

*Amy Feldman*

Franklin Circuit Clerk
Date: 9/20/2019



Summons ID: @00000217463
CIRCUIT: 19-CI-00977 Long Arm Statute – Secretary of State
NIXON, ROBERT VS. ANTHEM, INC. , ET AL



Page 1 of 1

eFiled

AOC-E-105      Sum Code: CI
Rev. 9-14

Commonwealth of Kentucky
Court of Justice      Courts.ky.gov

CR 4.02; Cr Official Form 1



**CIVIL SUMMONS**

Case #: **19-CI-00977**
Court:   **CIRCUIT**
County: **FRANKLIN**

---

*Plantiff,* **NIXON, ROBERT VS. ANTHEM, INC. , ET AL**, *Defendant*

TO: **CT CORPORATION SYSTEM**
   **306 WEST MAIN STREET**
   **SUITE 512**
   **FRANKFORT, KY 40601**

Memo: Related party is ANTHEM UM SERVICES, INC.

The Commonwealth of Kentucky to Defendant:
**ANTHEM UM SERVICES, INC.**

   You are hereby notified that a **legal action has been filed against you** in this Court demanding relief as shown on the document delivered to you with this Summons. **Unless a written defense is made by you or by an attorney on your behalf within twenty (20) days** following the day this paper is delivered to you, judgment by default may be taken against you for the relief demanded in the attached complaint.

The name(s) and address(es) of the party or parties demanding relief against you or his/her (their) attorney(s) are shown on the document delivered to you with this Summons.

*amy Feldman*

Franklin Circuit Clerk
Date: **9/20/2019**

---

**Proof of Service**

This Summons was:

☐ Served by delivering a true copy and the Complaint (or other initiating document)

   To: _____

☐ Not Served because: _____

   Date: _____ , 20 _____          _____
                                                          · Served By

                                                   _____
                                                             Title

Summons ID: @00000217464
CIRCUIT: 19-CI-00977 Certified Mail
NIXON, ROBERT VS. ANTHEM, INC. , ET AL



Page 1 of 1

*e*Filed

Presiding Judge: HON. PHILLIP J. SHEPHERD (648260)

CI : 000001 of 000001



NOT ORIGINAL DOCUMENT
10/21/2019 03:06:44 PM
82852

**Commonwealth of Kentucky**
**Amy Feldman, Franklin Circuit Clerk**

| | |
|---|---|
| Case #: **19-CI-00977** | Envelope #:  **1919135** |
| Received From: **PHILIP FAIRBANKS** | Account Of: **PHILIP FAIRBANKS** |
| Case Title: **NIXON, ROBERT VS. ANTHEM, INC. , ET AL** | Confirmation Number: **96505111** |
| Filed On **9/20/2019  4:50:34PM** | |

| **#** | **Item Description** | **Amount** |
|---|---|---|
| 1 | Access To Justice Fee | $20.00 |
| 2 | Civil Filing Fee | $150.00 |
| 3 | Money Collected For Others(Court Tech. Fee) | $20.00 |
| 4 | Library Fee | $3.00 |
| 5 | Court Facilities Fee | $25.00 |
| 6 | Money Collected For Others(Attorney Tax Fee) | $5.00 |
| 7 | Charges For Services(Jury Demand / 12) | $70.00 |
| 8 | Money Collected For Others(Postage) | $12.55 |
| 9 | Charges For Services(Copy - Photocopy) | $1.90 |
| 10 | Money Collected For Others(Postage) | $13.15 |
| 11 | Money Collected For Others(Secretary of State) | $10.00 |
| 12 | Charges For Services(Copy - Photocopy) | $3.80 |
| 13 | Charges For Services(Attestation) | $0.50 |
| | **TOTAL:** | $334.90 |

 **CT Corporation**

**Service of Process Transmittal**
09/24/2019
CT Log Number 536308082

TO: Pam Williams
ANTHEM, INC.
220 VIRGINIA AVE
INDIANAPOLIS, IN 46204-3709

RE: **Process Served in Kentucky**

FOR: Anthem UM Services, Inc.  (Domestic State: IN)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | ROBERT NIXON, etc., Pltf. vs. ANTHEM, INC., and ANTHEM, INC., Dfts. |
| **DOCUMENT(S) SERVED:** | Summons, Complaint |
| **COURT/AGENCY:** | Franklin Court Circuit Court, KY<br>Case # 19CI00977 |
| **NATURE OF ACTION:** | Plaintiff Demand Judgment against Defendant |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Frankfort, KY |
| **DATE AND HOUR OF SERVICE:** | By Certified Mail on 09/24/2019 postmarked: "Not Post Marked" |
| **JURISDICTION SERVED :** | Kentucky |
| **APPEARANCE OR ANSWER DUE:** | Within 20 days following the day this paper is delivered to you |
| **ATTORNEY(S) / SENDER(S):** | PHILIP G. FAIRBANKS<br>Mehr, Fairbanks & Peterson<br>201 West Short Street, Suite 800<br>Lexington, KY 40507<br>859-225-3731 |
| **ACTION ITEMS:** | CT will retain the current log |
| | Image SOP |
| | Email Notification,  Kristine Gorman  kristine.gorman@anthem.com |
| | Email Notification,  Pam Williams  Pam.Williams@anthem.com |
| | Email Notification,  MICHELLE KERSEY  michelle.kersey@wellpoint.com |
| | Email Notification,  Sandra Reno-Simpson  sandra.reno@anthem.com |
| | Email Notification,  John Nicholson  John.nicholson@anthem.com |
| **SIGNED:**<br>**ADDRESS:** | C T Corporation System<br>1999 Bryan St Ste 900<br>Dallas, TX 75201-3140 |
| **For Questions:** | 877-564-7529<br>MajorAccountTeam2@wolterskluwer.com |

Page 1 of  1 / AS

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.

USPS CERTIFIED MAIL

9214 8901 9403 8390 7517 51

CT CORPORATION SYSTEM
306 WEST MAIN STREET
SUITE 512
FRANKFORT, KY 40601

Amy Feldman, Franklin Circuit Clerk
222 St. Clair Street
Frankfort, KY 40601

40601-184037

NEOPOST
09/23/2019
US POSTAGE $005.90⁰

ZIP 40601
041M11456493

AOC-E-105    Sum Code: CI
Rev. 9-14

Commonwealth of Kentucky
Court of Justice    Courts.ky.gov

CR 4.02; Cr Official Form 1



**CIVIL SUMMONS**

Case #: **19-CI-00977**
Court:    **CIRCUIT**
County: **FRANKLIN**

*Plantiff,* NIXON, ROBERT VS. ANTHEM, INC. , ET AL, *Defendant*

TO: **CT CORPORATION SYSTEM**
   **306 WEST MAIN STREET**
   **SUITE 512**
   **FRANKFORT, KY 40601**

Memo: Related party is ANTHEM UM SERVICES, INC.

The Commonwealth of Kentucky to Defendant:
**ANTHEM UM SERVICES, INC.**

You are hereby notified that a **legal action has been filed against you** in this Court demanding relief as shown on the document delivered to you with this Summons. **Unless a written defense is made by you or by an attorney on your behalf within twenty (20) days** following the day this paper is delivered to you, judgment by default may be taken against you for the relief demanded in the attached complaint.

The name(s) and address(es) of the party or parties demanding relief against you or his/her (their) attorney(s) are shown on the document delivered to you with this Summons.

*amy Feldman*

Franklin Circuit Clerk
Date: **9/20/2019**

---

**Proof of Service**

This Summons was:

☐ Served by delivering a true copy and the Complaint (or other initiating document)

To: _____

☐ Not Served because: _____

Date: _____, 20_____    _____
                                 Served By

                                 _____
                                 Title

Summons ID: 191913513695340@00000217464
CIRCUIT: 19-CI-00977 Certified Mail
NIXON, ROBERT VS. ANTHEM, INC. , ET AL



Page 1 of 1

