UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
FRANKFORT

ROBERT NIXON and ROBYN ZINSMEISTER, on behalf of themselves and all others similarly situated,

    Plaintiffs,

v.

ANTHEM, INC. and ANTHEM UM SERVICES, INC.,

    Defendants.

)
)
)
)
)
)
)
)
)
)
)
)
)

Civil No. 3:19-cv-00076-GFVT

**MEMORANDUM OPINION**
**&**
**ORDER**

\*\*\*   \*\*\*   \*\*\*   \*\*\*

Plaintiffs Robert Nixon and Robyn Zinsmeister were denied healthcare coverage for a medical procedure that their insurance company uniformly deemed not medically necessary. As a result, Plaintiffs challenge the denial of benefits under their employee benefit medical plans governed by Employee Retirement Income Security Act of 1974 (ERISA). Defendants move to dismiss Plaintiffs' Amended Complaint for failure to join necessary parties and failure to state a claim. For the following reasons, Defendants' Motion to Dismiss is **DENIED IN PART** and **GRANTED IN PART**.

**I**

Defendant Anthem, Inc. (Anthem) administers healthcare insurance and benefit plans throughout the United States, many of which are employer-sponsored and governed by ERISA. [R. 9 at ¶ 2.] Anthem conducts business in several states, including Kentucky, as the licensee of the Blue Cross Blue Shield Association, which allows Anthem to insure and administer Anthem

1

plans in those states. *Id*. at ¶ 3. Anthem is also the parent company of co-Defendant Anthem UM Services, Inc. (Anthem UM). [R. 12-1 at 3.]

Plaintiff Robert Nixon, a resident of Kentucky, was employed with Catholic Health Initiatives. [R. 9 at ¶ 16; R. 12-1 at 3.] Through Catholic Health Initiatives, Mr. Nixon received healthcare coverage from the Catholic Health Initiatives Medical Plan (CHIMP), which is self-funded by Catholic Health Initiatives and administered by Anthem. *Id.* at ¶ 21. While Catholic Health Initiatives funds the payment of covered medical services, it has entered into an administrative services only contract with Anthem Blue Cross and Blue Shield, also known as Anthem Health Plans of Kentucky, Inc (Anthem KY). [R. 12-1 at 3.] Defendants state that Anthem KY provides claim administrative services to the CHIMP and determines whether claims are covered under the plan. *Id*.

After Defendants moved to dismiss Plaintiffs' original Complaint, Plaintiffs filed a First Amended Complaint that added Plaintiff Robyn Zinsmeister, a resident of Colorado. [R. 9 at ¶ 17.] Ms. Zinsmeister worked at Arapahoe Hyundai LLC, where she was covered under a fully-insured Anthem PPO healthcare plan. *Id.*; [R. 12-1 at 5.] Defendants indicate that Ms. Zinsmeister's plan was insured by Rocky Mountain Hospital and Medical Services, Inc. (Rocky Mountain), a Colorado-based insurance company, pursuant to a group contract with the plan's sponsoring employer, Arapahoe Hyundai. [R. 12-1 at 5.] Defendants state that similar to Anthem KY, Rocky Mountain provides claim administration services to and makes benefit determinations for Ms. Zinsmeister's plan. *Id.* at 13.

Mr. Nixon and Ms. Zinsmeister each sought coverage for a medical procedure known as Sacroiliac Joint Fusion, or MISIJF. [R. 9 at ¶¶ 65, 77.] Their requests and subsequent appeals for coverage were all denied. *Id.* at ¶¶ 66–82. Plaintiffs received correspondence that their

claims were reviewed by Anthem UM, and denied based on SURG.00127, a medical policy applied to all Anthem plans. *Id.* at ¶¶ 68, 82. SURG.00127 was developed by Anthem's Office of Medical Policy and Technology Assessment. *Id.* at ¶ 41. The policy stated that MISIJF procedures were "investigational and not medically necessary." *Id.* at ¶ 49. As a result, Anthem plans uniformly denied coverage for MISIJF procedures. *Id.* at ¶¶ 45–47.

Plaintiffs bring this action under ERISA on the grounds SURG.00127 and the resulting denials of coverage for MISIJF are contrary to accepted medical industry standards and the terms of the Anthem plans. *Id.* at ¶ 11. In Count I, Plaintiffs seek "to recover benefits due to [them] under the terms of [their] plan[s], to enforce [their] rights under the terms of the plan, or to clarify [their] rights to future benefits under the terms of the plan[s]." 29 U.S.C. § 1132(a)(1)(B); *Id.* at ¶¶ 97–107. Plaintiffs allege the categorical denial of their benefits violated Defendants' duties under ERISA and seek clarification and enforcement of their rights under their plans. *Id.* Count II alleges Defendants breached their fiduciary duties pursuant to 29 U.S.C. § 1132(a)(3) by "failing to provide adequate reasons for the denial of claims other than through their development, implementation, and use of erroneous Medical Policy SURG.00127." *Id.* at ¶¶ 108–113. Plaintiffs also seek to certify a class of plaintiffs who were denied coverage for MISIJF procedures. *Id.* at ¶¶ 83–90.

Defendants respond to Plaintiffs' Amended Complaint with a Motion to Dismiss citing three main arguments.[1] [R. 12-1.] First, Defendants argue Plaintiffs' claims must be dismissed for failure to join necessary parties. *Id.* at 1. Defendants allege multiple parties are necessary to adjudicate Plaintiffs' claims, including the CHIMP, as Mr. Nixon's plan; Anthem KY, as the

---

[1] Defendants in fact raised four arguments. But the fourth argument related to Plaintiffs' demand for a jury trial, which the parties filed to withdraw in a joint stipulation. [R. 13.] The Court granted the withdrawal because ERISA claims are claims in equity. [*See* R. 15.]

CHIMP claim administrator; and Rocky Mountain, as the claim administrator for Ms. Zinsmeister's PPO.  *Id.* at 8–14.

Second, Defendants move to dismiss Anthem for failure to state a claim.  *Id.* at 15–18.  Defendants do not deny they created SURG.00127.  Rather, they posit the parent company does not have any contractual relationship with Plaintiffs or their plans; any ERISA fiduciary duty to Plaintiffs or their plans; or any discretionary authority over coverage determinations for Plaintiffs' plans.  *Id.*  And third, Defendants argue Plaintiffs bring redundant ERISA claims.  *Id.* at 18–23.  They allege Plaintiffs' claims under § 1132(a)(3) are merely a repackaging of their claims under § 1132(a)(1)(B).  *Id.*  As such, Defendants move to dismiss Count II.  *Id.*

Plaintiffs dispute Defendants' arguments.  [R. 14.]  First, they contend the current Defendants are sufficient for the Court to adjudicate the claims and for Plaintiffs to recover.  *Id.* at 10–17.  Second, they argue Anthem is a proper party due to its role in developing and implementing the medical policies upon which their claims were denied.  *Id.* at 6–10.  Lastly, Plaintiffs distinguish their class action claims from individual claims in which § 1132(a)(3) is simply a repackaging of § 1132(a)(1)(B).  *Id.* at 17–23.

Plaintiffs seek relief on behalf of themselves and the prospective class.  [R. 9 at 20.]  They demand (1) certification of their class; (2) a declaration that MISIJF is medically necessary; (3) reprocessing of their claims by Defendants; (4) notice of claims reprocessing to all class members denied MISIJF coverage; (5) an injunction preventing Defendants from relying on provisions not noted in their letters denying coverage; (6) a disgorgement of any profits Defendants made denying MISIJF claims; (7) attorneys' fees and costs with pre and post judgement interest; and (8) any other equitable relief the Court deems appropriate.  *Id.* at 20–21.

## II

### A

Defendants argue that pursuant to Rule 12(b)(7) the Court must dismiss Plaintiffs' Amended Complaint for failure to join necessary parties. [R. 12-1 at 8–14.] Defendants allege that Catholic Health Initiatives, the CHIMP, Anthem KY, Arapahoe Hyundai, and Rocky Mountain, none of whom are currently named to this suit, are necessary parties for the Court to adjudicate the merits. *Id*. Defendants assert that these entities are necessary because they are each involved in the administration of Plaintiffs' healthcare plans and some may be financially implicated by the outcome of litigation. *Id.* Plaintiffs profess they have not failed to include any necessary parties because the crux of their case rests upon Defendants' formulation of the Medical Policies used to deny them MISIJF coverage. [R. 14 at 14.]

Federal Rule of Civil Procedure 12(b)(7) permits a defendant to assert failure to join a party under Rule 19 as a defense. Fed. R. Civ. P. 12(b)(7). "Rule 19 of the Federal Rules of Civil Procedure establishes a three-step analysis for determining whether a case should proceed in the absence of a particular party." *PaineWebber, Inc. v. Cohen,* 276 F.3d 197, 200 (6th Cir. 2001). First, the Court must determine whether the party is necessary under Rule 19(a). *Id.* A party's presence is determined to be necessary or "required" under that rule if:

> (A) in that person's absence, the court cannot accord complete relief among existing parties; or
> (B) that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may:
> > (i) as a practical matter impair or impede the person's ability to protect the interest; or
> > (ii) leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest.

Fed. R. Civ. P. 19(a). Second, if it is determined that the party is necessary, the Court must consider whether the person is subject to service of process and if their joinder will deprive the

court of subject matter jurisdiction. *PaineWebber*, 276 F.3d at 200; Fed. R. Civ. P. 19(a). Third, "if a person who is required to be joined if feasible cannot be joined, the court must determine whether, in equity and good conscience, the action should proceed among the existing parties or should be dismissed." Fed. R. Civ. P. 19(b). In deciding, the Court is to consider:

> (1) the extent to which a judgment rendered in the person's absence might prejudice that person or the existing parties;
> (2) the extent to which any prejudice could be lessened or avoided by: (A) protective provisions in the judgment; (B) shaping the relief; or (C) other measures;
> (3) whether a judgment rendered in the person's absence would be adequate; and
> (4) whether the plaintiff would have an adequate remedy if the action were dismissed for nonjoinder.

Fed. R. Civ. P. 19(b). The action must only be dismissed if, after considering these factors, the Court concludes the non-joined person is indispensable under Rule 19(b). *Id.*; *PaineWebber,* 276 F.3d at 200.

**1**

Defendants assert that Arapahoe Hyundai, the CHIMP, and Catholic Health Initiatives are necessary parties because they are Plaintiffs' plan administrators and would incur new obligations and financial responsibilities for the benefits Plaintiffs seek. [R. 12-1 at 9–10, 12–13.] Indeed, some courts hold that the plan administrator of a self-funded plan is a necessary party. *Sutherland v. Disability RMS*, 2017 WL 403574 (W.D. Ky. Jan. 30, 2017); *Sypher v. Aetna Ins. Co.*, 2014 WL 1230028 (E.D. Mich. Mar. 25, 2014). However, the Sixth Circuit finds that an employer acting as a plan administrator is not a necessary party, unless the entity exercises control over the decision to grant or deny benefits. *Ciaramitaro v. Unum Life Inso. Co. of Am.*, 521 F. App'x 430, 438 (6th Cir. 2013); *Moore v. Lafayette Life Ins. Co.*, 458 F.3d 416, 438 (6th Cir. 2006). In *Ciaramitaro*, the court declared, "[t]he question is whether [the employer] played any role in controlling or influencing Plaintiff's benefits decision." 521 F.

App'x at 438. *See also Van Loo v. Cajun Operating Co.*, 64 F. Supp. 3d 1007 (E.D. Mich. 2014) (stating an employer acting as a plan administrator to a self-funded plan is not a necessary party because it directed benefit determinations to the insurance company). The *Ciaramitaro* court then upheld the dismissal of an employer from an § 1132 action stating, "[a]n employer who does not control or influence the decision to deny benefits is not the fiduciary with respect to denial of benefit claims." 521 F. App'x at 438 (quoting *Moore*, 458 F.3d at 438).

Neither Plaintiffs nor Defendants allege the employers or healthcare plans were involved in claim determinations. Rather, Plaintiffs state that claim determinations were made by Defendants, both directly, evidenced by Anthem UM's denial letters, and indirectly, by Defendants' creation of medical policies like SURG.00127. [R. 9 at ¶¶ 4–6, 42, 66.] Defendants profess that the policies are mere "guidelines," implying the employers may ultimately decide whether to pay for procedures like MISIJF. [R. 12-1 at 9.] However, they do not present any evidence to counter Plaintiffs' assertion that SURG.00127 was uniformly used to deny coverage for MISIJF procedures across all Anthem plans. [R. 9 at ¶ 11.] Further, Defendants' position is undermined by their own statement that Catholic Health Initiatives and the CHIMP would bear new "obligations" as a result of coverage changes. [R. 12-1 at 9–10.] Evidently, any financial responsibilities these entities may or may not incur would be a result of claim decisions made by Defendants.[2] And, because it appears the employers and plans are required to abide by Defendants' medical policies, like SURG.00127, it cannot be said that these entities have control over whether to grant or deny coverage. They are merely plan administrators. As such, the Sixth

---

[2] Defendants emphasize that the employers are necessary parties because those entities may be required to pay for Plaintiffs' benefits as a result of this litigation, but the Sixth Circuit has not recognized such a necessity and the Court declines to read it into the relevant case law. *See e.g.*, *Ciaramitaro*, 521 F. App'x 430; *Moore*, 458 F.3d 416; *Gore v. El Paso Energy Corp. Long Term Disability Plan*, 477 F.3d 833 (6th Cir. 2007).

Circuit holds they are not necessary parties to this suit. And because these parties are unnecessary, "the Court does not need to inquire further." *Hall v. Allen*, 2014 WL 6882264, at *4 (E.D. Ky. Dec. 4, 2014).

**2**

Defendants further argue that Anthem KY and Rocky Mountain are necessary parties because they are the claim administrators of Plaintiffs' plans. [R. 12-1 at 11–13.] They state that while Anthem UM assists in claim determinations, Plaintiffs' plans explicitly impose this responsibility on Anthem KY and Rocky Mountain, as well. *Id.* Plaintiffs dispute the necessity of these entities, again asserting all parties necessary and relevant to adjudication are present because Anthem UM made the relevant claim determinations. [R. 14 at 14–15.]

As noted above, the Sixth Circuit does not find *plan* administrators necessary. *Ciaramitaro*, 521 F. App'x 430, 438. However, the Sixth Circuit finds *claim* administrators are necessary parties because they are ERISA fiduciaries. *Moore*, 458 F.3d at 438. In *Moore*, the court affirmed the insurance company was a proper party because it acted as a claim administrator. *Id.* "When an insurance company administers claims for employee welfare benefit plans and has authority to grant or deny claims, the insurance company is a 'fiduciary' for ERISA purposes." *Id.* The court further emphasized that whether an entity is an ERISA fiduciary could turn on either formal or functional distinctions. *See id.* ("[A] 'fiduciary' not only includes persons specifically named as fiduciaries by the benefit plan, but also anyone else who exercises discretionary control or authority over a plan's management, administration, or assets.").

Here, Anthem UM reviewed and denied Plaintiffs' claims. [R. 9 at ¶¶ 66–72, 78–80.] By performing these "utilization review services," Anthem UM acted as a claim administrator.

[R. 12-1 at 14;] *Moore*, 458 F.3d at 438. Plaintiffs' plans also identify Anthem KY and Rocky Mountain as claim administrators. [R. 12-1 at 11, 13.] Hence, Anthem UM functioned as an ERISA fiduciary, and Anthem KY and Rocky Mountain were formally designated as ERISA fiduciaries. Thus, all three entities are necessary parties to this suit. *Moore*, 458 F.3d at 438.

Because Anthem KY and Rocky Mountain are necessary parties, the Court must determine if their joinder is feasible without destroying subject matter jurisdiction. *PaineWebber*, 276 F.3d at 200; Fed. R. Civ. P. 19(a). The Court obtained jurisdiction because Plaintiffs brought this action pursuant to federal laws 29 U.S.C. § 1132(a)(1)(B) and § 1132(a)(3). [R. 9 at 17–20.] Diversity is not at issue here and joining these entities would not destroy the Court's subject matter jurisdiction. Thus, their joinder is feasible, and we need not determine whether these entities are indispensable to litigation. *Cf. Hall*, 2014 WL 6882264, at *4. Plaintiffs will have an opportunity to amend their Complaint to join Anthem KY and Rocky Mountain as proper Defendants. *PaineWebber*, 276 F.3d at 200 (holding the action must only be dismissed if, after considering the Rule 19 factors, the Court concludes the non-joined person is indispensable); *Sutherland*, 2017 WL 403574, at *2 (allotting the plaintiff twenty-one days to file an amended complaint).

**B**

Next, Defendants argue that Plaintiffs fail to state a claim against Anthem. [R. 12-1 at 15.] In a motion to dismiss pursuant to Rule 12(b)(6), "[t]he defendant has the burden of showing that the plaintiff has failed to state a claim for relief." *DirecTV, Inc. v. Treesh*, 487 F.3d 471, 476 (6th Cir. 2007) (*citing Carver v. Bunch*, 946 F.2d 451, 454–55 (6th Cir. 1991)). When reviewing a Rule 12(b)(6) motion, the Court "construe[s] the complaint in the light most favorable to the plaintiff, accept[s] its allegations as true, and draw[s] all reasonable inferences in

9

favor of the plaintiff." *Id*. (citation omitted).  Such a motion "should not be granted unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Id.* (quoting *Ricco v. Potter*, 377 F.3d 599, 602 (6th Cir. 2004)).

The Court, however, "need not accept as true legal conclusions or unwarranted factual inferences." *Id.* (quoting *Gregory v. Shelby County*, 220 F.3d 433, 446 (6th Cir. 2000)). Moreover, the facts that are pled must rise to the level of plausibility, not just possibility – "facts that are merely consistent with a defendant's liability . . . stop[ ] short of the line between possibility and plausibility." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 557 (2007)).  According to the Sixth Circuit, "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Cates v. Crystal Clear Techs., LLC*, 874 F.3d 530, 534 (6th Cir. 2017) (quoting *Iqbal*, 556 U.S. at 678).

1

Defendants profess Anthem, as the parent of Anthem UM, is a separate corporate entity lacking any contractual or fiduciary relationship to or discretionary authority over Plaintiffs' plans. [R. 12-1 at 15.]  Plaintiffs retort that Anthem is a proper party because it created the medical policies upon which their requests for MISIJF coverage were denied.  [R. 14 at 1.]

"Classifying any entity with discretionary authority over benefits determinations as anything but a plan fiduciary would . . . conflict with ERISA's statutory and regulatory scheme." *Aetna Health Inc. v. Davila*, 542 U.S. 200, 220 (2004).  Applying this rule, the *Ciaramitaro* court upheld dismissal where the plaintiff made conclusory allegations that the defendant merely "instructed" the denial of coverage.  521 F. App'x at 438.

Defendants argue that Anthem has no connection to Plaintiffs' alleged harm because no contractual relationship, fiduciary duty, or discretionary authority exists between the parent and Plaintiffs' plans. [R. 12-1 at 15.] They allege that their subsidiaries are the only necessary parties. *Id.* Defendants are correct in that a parent company is not generally liable for the actions of its subsidiaries. *United States v. Bestfoods*, 524 U.S. 51, 61 (1998). But Plaintiffs complain of actions by Anthem itself. [*See generally* R. 9; R. 14.] And though Plaintiffs do not claim any contractual relationship exists between the parties, their Amended Complaint alleges that Anthem exercises a form of discretionary authority over Plaintiffs' plans. [R. 9 at ¶¶ 6–9.] Specifically, Plaintiffs state that Anthem, working with Anthem UM, created the medical policies which govern claim determinations under their plans. *Id.* Plaintiffs reference letters they received from Defendants that state SURG.00127 was the basis for the denial of their claims for MISIJF coverage. *Id.* at ¶¶ 68, 81. Anthem does not deny it created SURG.00127, or that this policy was used to deny Plaintiffs' claims. Thus, Anthem had discretionary authority over Plaintiffs' plans inasmuch as they created the medical policy on which Plaintiffs' claims were denied. Consequently, Anthem is a fiduciary to Plaintiffs' plans under ERISA and a proper Defendant in this case. *Davila*, 542 U.S. at 220.

## C

Defendants contend Count II, breach of fiduciary duty, is merely a repackaging of Count I, clarification and enforcement of rights under the plan, and should thereby be dismissed as duplicative. [R. 12-1 at 18–19.] Plaintiffs respond that these claims are not a repackaging because they bring them under a putative class action for plan-wide relief and not as individual claims. [R. 14 at 19.]

The Sixth Circuit has made clear that "[a] claimant can pursue a breach-of-fiduciary-duty claim under [§ 1132(a)(3)], irrespective of the degree of success obtained on a claim for recovery of benefits under [§ 1132(a)(1)(B)], only where the breach of fiduciary duty claim is based on an injury *separate and distinct* from the denial of benefits or where the remedy afforded by Congress under [§ 11322(a)(1)(B)] is otherwise shown to be inadequate." *Rochow v. Life Ins. Co. of N. Am.*, 780 F.3d 364, 372 (6th Cir. 2015) (en banc) (emphasis added).

Plaintiffs bring this suit because they were denied benefits they believe they are entitled to in accordance with medical industry standards. [R. 9 at ¶ 11.] Through the "separate and distinct" lens alone, it appears Plaintiffs only suffer one injury that forms the basis of their claims. *See Rochow*, 780 F.3d at 372. However, the *Rochow* court also expressly accepted the findings of *Hill v. Blue Cross and Blue Shield of Michigan*, which "distinguished between the denial of individual claims and plan-wide mishandling of claims as two distinct injuries." *Id.* at 373 (citing *Hill v. Blue Cross and Blue Shield of Michigan*, 409 F.3d 710 (6th Cir. 2005)). *Rochow* is the rule, and *Hill* is the exception. *Rochow*, 780 F.3d at 373.

Plaintiffs argue their case falls into the *Hill* exception because they bring a putative class action against uniform denials of coverage. [R. 14 at 18–19.] But the *Hill* court did not make its distinction solely on this superficial basis. The court was motivated by its concern that the defendant would not alter its practices in handling a certain type of claim absent some form of injunctive relief. *See Hill*, 409 F.3d at 718 ("In this case, an award of benefits . . . will not change the fact that BCBSM is using an allegedly improper methodology for handling all of the Program's . . . claims. Only injunctive relief of the type available under § 1132(a)(3) will provide the complete relief sought by Plaintiffs by requiring BCBSM to alter the manner in which it administers all the Program's claims."). So, Plaintiffs may seek relief under §

12

1132(a)(3) to the extent an injunction is necessary to preclude Defendants from continuing to uniformly deny coverage of MISIJF based on SURG.00127 and contrary to medical industry standards.

Plaintiffs base their claims on the version of SURG.00127 that declared MISIJF was investigational and not medically necessary. [R. 14 at 2, n. 1.] Defendants have since revised SURG.00127 to permit coverage of MISIJF under some conditions. *Id.* at 2, n. 3. Plaintiffs concede that the new policy conforms with guidelines implemented by Medicare. *Id.* at 2. But as of yet the Court has no evidence that the new version of SURG.00127 would cease Defendants' practice of uniformly denying MISIJF coverage. Because the Court does not know whether the new medical policy uniformly denies benefits, an injunction may still be necessary to prevent Defendants from relying on an erroneous medical policy. *See Hill*, 409 F.3d at 718. Furthermore, the Supreme Court has characterized § 1132(a)(3) as a "safety net" provision, to be employed where another fails. *Varity Corp. v. Howe*, 516 U.S. 489, 490 (1996). So, even if Plaintiffs were shown to only suffer from a single injury and not meet the *Hill* exception, it has yet to be determined whether they will recover under § 1132(a)(1)(B). If the § 1132(a)(1)(B) remedy is shown to be inadequate, they may seek recovery under § 1132(a)(3). *Rochow*, 780 F.3d at 372. Therefore, it would be premature to dismiss Plaintiffs' claims under § 1132(a)(3) at this stage. Similarly, because it has yet to be determined whether Plaintiffs will recover under § 1132(a)(1)(B), we need not address whether disgorgement of profits is within the scope of § 1132(a)(3).

### III

The Sixth Circuit has made clear that plan administrators are not, but claim administrators are necessary parties to an ERISA denial of benefits suit. Plaintiffs also

sufficiently plead a cause of action against Anthem because it created the Medical Policy upon which Plaintiffs were denied benefits. Finally, the Court declines to dismiss Plaintiffs' § 1132(a)(3) claims because Defendants have not shown that Plaintiffs only suffer a single injury and that they can adequately recover under § 1132(a)(1)(B). Accordingly, and the Court being sufficiently advised, it is hereby **ORDERED** as follows:

1. Defendants' Motion to Dismiss [R. 12] for failure to join Catholic Health Initiatives, the CHIMP, and Arapahoe Hyundai is **DENIED**;

2. Defendants' Motion to Dismiss [R. 12] for failure to join Anthem KY and Rocky Mountain is **GRANTED**; Plaintiffs shall have **twenty-one (21) days** from the date of this Order to file an amended complaint joining those parties;

3. Defendants' Motion to Dismiss [R. 12] for failure to state a claim against Anthem is **DENIED**; and

4. Defendants' Motion to Dismiss [R. 12] Count II of the First Amended Complaint is **DENIED**.

This the 18th day of August, 2020.

Gregory F. Van Tatenhove
United States District Judge