UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
FRANKFORT

| | | |
|---|---|---|
| ROBERT NIXON, *et al.*, | ) | |
| | ) | |
| Plaintiffs, | ) | Civil No. 3:19-cv-00076-GFVT |
| | ) | |
| v. | ) | |
| | ) | **MEMORANDUM OPINION** |
| ANTHEM, INC., *et al.*, | ) | **&** |
| | ) | **ORDER** |
| Defendants. | ) | |
| | ) | |

**\*\*\*   \*\*\*   \*\*\*   \*\*\***

The proposed class in this putative class action lawsuit alleges that Defendants Anthem, Inc. and Anthem UM improperly denied medical coverage for minimally invasive sacroiliac joint fusion surgery (MISIJF) by relying on internally created medical policy guidelines that classified the surgery as "investigational and not medically necessary" despite MISIJFs' approval by the FDA and widespread performance of the surgery across the United States.  [R. 1.]  Defendants have moved to strike the Plaintiffs' class allegations.  [R. 35.]  For the reasons set forth below, Defendants' motion to strike will be DENIED.

**I**

Plaintiffs and proposed class members are individuals who are or were covered by health plans administered by Anthem, Inc.  [R. 1-1 at 6.]  Anthem, Inc. is the parent company of Co-Defendant Anthem UM Services, Inc.  [R. 12-1 at 3.]  Plaintiffs request certification of this class action and the following relief on behalf of themselves and others similarly situated: (1) an order that MISIJF is medically necessary instead of investigational and has been at all times within the

appropriate limitations period; (2) an order or injunction requiring Defendants to reevaluate and reprocess the MISIJF claims of all class members using appropriate criteria; (3) an order or injunction requiring Defendants to notify all class members of the reevaluation and reprocessing of the MISIJF claims; (4) an order or injunction preventing Defendants from relying on other specific reasons or plan provisions not recited in their denial letters; (5) an accounting and disgorgement of profits from improperly denying MISIJF claims; (6) attorney's fees, costs, prejudgment and post judgment interest; and (7) any other equitable remedy the Court deems to be appropriate.  [R. 1-1 at 18.]  The Complaint defines the class as the following:

> All persons covered under Anthem Plans, governed by ERISA, whether self-funded or fully insured, whose request(s) for minimally invasive sacroiliac joint fusion surgery were denied by Anthem and/or Anthem UM at any time during the applicable limitations period pursuant to Anthem's Medical Policy on Sacroiliac Joint Fusion, SURG.00127, on the bases that the surgery was investigational and/or not medically necessary.

*Id.* at 12.

On January 17, 2020, Defendants filed a motion to dismiss for failure to state a claim. [R. 12.]  The Court denied in part and granted in part Defendants' motion, finding that Plaintiffs had failed to join certain necessary parties and giving Plaintiffs twenty-one days to file an amended complaint joining those parties, and denying Defendants' motion in all other respects. [R. 17.]  Plaintiffs filed a Second Amended Complaint against Defendants on September 8, 2020. [R. 20.][1]

On January 29, 2021, Defendants moved to strike the proposed class allegations, arguing that they do not comport with the requirements of Rule 23(a), Rule 23(b), and Article III

---

[1] On December 14, 2020, Plaintiffs filed a Third Amended Class Action Complaint to Add Additional Parties, and filed an Amended Motion to File Third Amended Class Action Complaint Adding Parties on March 24, 2021.  [R. 28; R. 42.]  These motions were unopposed and granted by prior order.  [R. 45.]

standing.  [R. 35.]  Plaintiffs argue in their response that it would be premature to completely

strike the class allegations because no discovery has yet taken place.  [R. 38 at 2.]  This motion,

having been fully briefed, is ripe for review.

## II

The class action is "an exception to the usual rule that litigation is conducted by and on

behalf of the individual named parties only."  *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 348,

(2011) (citing *Califano v. Yamasaki*, 442 U.S. 682, 700–01 (1979)).  In order to justify a

departure from that general rule and allow a suit to go forward as a class action, seven

requirements must be met.  Two of these stem from Article III's standing requirements: "[(1)] an

identifiable class must exist and the definition of the class must be unambiguous, and [(2)] the

named representative must be a member of the class."  *Pilgrim v. Universal Health Card, LLC*,

2010 WL 1254849, at *1 (N.D. Ohio Mar. 25, 2010), aff'd, 660 F.3d 943 (6th Cir. 2011)

(citations omitted).  Further, the party seeking certification of a class under Rule 23(a) must

demonstrate that:

> (1) the class is so numerous that joinder of all members is impracticable, (2) there
> are questions of law or fact common to the class, (3) the claims or defenses of the
> representative parties are typical of the claims or defenses of the class, and (4) the
> representative parties will fairly and adequately protect the interests of the class.
> Finally, 'In addition to the prerequisites of Rule 23(a), a party seeking class
> certification must show that the class action is maintainable under Rule 23(b).'

*Id.* (citations omitted).  Certification is only proper if, after a "rigorous analysis," a court finds

that all the prerequisites of Rule 23 have been satisfied.  *In re Am. Med. Sys., Inc.*, 75 F.3d 1069,

1078–79 (6th Cir. 1996) (citing *Gen. Tel. Co. v. Falcon*, 457 U.S. 147, 161 (1982)).

In general, "[m]otions to strike are viewed with disfavor and are not frequently granted."

*Operating Eng'rs Local 324 Heath Care Plan v. G&W Constr. Co.*, 783 F.3d 1045, 1050 (6th

Cir. 2015).  Furthermore, though procedurally permissible,[2] striking a plaintiff's class allegations

prior to discovery and a motion for class certification is a rare remedy.  *See Weathers v. Peters*

*Realty Corp.*, 499 F.2d 1197, 1200 (6th Cir. 1974); *see also Blue Springs Dental Care, LLC v.*

*Owners Ins. Co.*, 488 F. Supp. 3d 867, 880 (W.D. Mo. 2020) (finding that striking a party's

pleading "is an extreme and disfavored measure," especially, in the class action context,

"because it is seldom, if ever, possible to resolve class representation question from the pleadings

alone"); *Chen–Oster v. Goldman, Sachs & Co.*, 877 F. Supp. 2d 113, 117 (S.D.N.Y. 2012)

("Generally speaking ... motions of this kind are deemed procedurally premature."); *Chenensky*

*v. New York Life Ins. Co.*, 2011 WL 1795305, at *1 (S.D.N.Y. Apr. 27, 2011) (citations omitted)

("A motion to strike class allegations ... is even more disfavored because it requires a reviewing

court to preemptively terminate the class aspects of ... litigation, solely on the basis of what is

alleged in the complaint, and before plaintiffs are permitted to complete the discovery to which

they would otherwise be entitled on questions relevant to class certification.").

Generally, "a district court should defer decision on class certification issues and allow

discovery 'if the existing record is inadequate for resolving the relevant issues.'"  *Bearden v.*

*Honeywell Int'l, Inc.*, 720 F. Supp. 2d 932, 942 (M.D. Tenn. 2010) (citing *In re Am. Med. Sys.*,

75 F.3d at 1086); *see also Geary v. Green Tree Servicing, LLC*, 2015 WL 1286347, at *17 (S.D.

Ohio Mar. 20, 2015) ("Without further insight into the facts, the Court lacks the foundation to

conduct the 'rigorous analysis' required by Rule 23 and determine the appropriateness of class

certification."); *In re Allstate Ins. Co. Underwriting & Rating Practices Litig.*, 917 F. Supp. 2d

740, 751 (M.D. Tenn. 2008) (noting that, where "there has not been class discovery ... nor

---

[2] *E.g.*, *Pilgrim v. Universal Health Card, LLC*, 660 F.3d 943, 949 (6th Cir. 2011); *Schilling v. Kenton Cnty.*, 2011 WL 293759, at *4 (E.D. Ky. Jan. 27, 2011) (citations omitted) ("Although courts generally defer ruling on class certification …, 'nothing in Rule 23 prevents a defendant from attempting to preemptively deny certification on the grounds that the prerequisites of Rule 23(a) and (b) can never be satisfied.'")

extensive briefing on class issues," it is appropriate to defer decision on contested class issues); *Rios v. State Farm Fire & Cas. Co.*, 469 F. Supp. 2d 727, 740 (S.D. Iowa 2007) (agreeing with Plaintiffs that a motion to strike allegations is premature because "class discovery has not yet been completed").

At this stage, because the parties have not yet commenced discovery, "[t]he moving party has the burden of demonstrating from the face of the plaintiffs' complaint that it will be impossible to certify the class as alleged, regardless of the facts plaintiffs may be able to prove [through discovery]." *Schilling v. Kenton Cnty.*, 2011 WL 293759, at *4 (E.D. Ky. Jan. 27, 2011) (citations omitted); *see also Bearden*, 720 F. Supp. 2d at 942 (providing that class allegations should be stricken prior to discovery only if "it is clear from the face of the complaint that a proposed class cannot satisfy the requirements of Rule 23"). "Before a motion to strike [class allegations] is granted, the court must be convinced that any questions of law are clear and not in dispute, and that under no set of circumstances could the claim[s] ... succeed [in class action form]." *Sanders v. Apple Inc.*, 672 F. Supp. 2d 978, 990 (N.D. Cal. 2009) (citations omitted).

Defendants make the following four arguments, each of which will be addressed in turn: (1) Plaintiffs' proposed class definition is flawed; (2) Plaintiffs cannot establish commonality; (3) Plaintiffs cannot satisfy any provision of Rule 23(b); and (4) Plaintiffs' putative class seeks to include individuals who lack standing to sue. [R. 35.]

### A

The Court will begin with the Defendants' final argument, which is the issue of whether the Plaintiff is seeking to include individuals in the putative class who lack standing to sue. "[A] plaintiff must demonstrate standing for each claim he seeks to press and for each form of relief

that is sought." *Town of Chester, N.Y. v. Laroe Estates, Inc.*, 137 S. Ct. 1645, 1650 (2017)

(quoting *Davis v. Fed. Election Comm'n*, 554 U.S. 724, 734 (2008)); *see also DaimlerChrysler*

*Corp. v. Cuno*, 547 U.S. 332, 352 (2006). Standing is a threshold inquiry in every federal case

that may not be waived by the parties. *See, e.g., Warth v. Seldin*, 422 U.S. 490, 498 (1975);

*Planned Parenthood Ass'n of Cincinnati, Inc. v. Cincinnati*, 822 F.2d 1390, 1394 (6th Cir. 1987).

"To satisfy the 'case' or 'controversy requirement' of Article III, which is the 'irreducible

constitutional minimum' of standing, a plaintiff must, generally speaking, demonstrate that he

has suffered an 'injury in fact,' that the injury is 'fairly traceable' to the actions of the defendant,

and that the injury will likely be redressed by a favorable decision." *Bennett v. Spear*, 520 U.S.

154, 162 (1997) (citations omitted). Plaintiffs' injury-in-fact must be both particularized and

concrete. *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540 (2016) (*citing Friends of the Earth, Inc. v.*

*Laidlaw Envtl. Servs. (TOC), Inc.*, 528 U.S. 167, 180–81 (2000)). "For an injury to be

particularized, it must affect the plaintiff in a personal and individual way." *Id.* (internal

quotation marks omitted). Further, a "concrete" injury is a de facto injury that actually exists.

*Id.* Finally, "a plaintiff must also establish, as a prudential matter, that he or she is the proper

proponent of the rights on which the action is based." *Haskell v. Washington Twp.*, 864 F.2d

1266, 1275 (6th Cir. 1988) (citations omitted).

Here, Plaintiffs seek to certify and represent a class of all persons covered under Anthem

Plans governed by ERISA who had their requests for MISIJF surgery during the applicable

limitations period denied pursuant to SURG.00127 on the basis that the surgery was designated

as investigational and/or not medically necessary. [R. 1-1 at 12.] Defendants argue that

Plaintiffs include in their putative class "individuals whose plans are administered by entities that

the named Plaintiffs do not have standing to sue." [R. 35 at 24.] Specifically, Defendants argue

6

that the class as currently defined would include "plans administered by a host of 'other subsidiary corporations' that 'act as claim administrators for Anthem Plans in other states'" which is not permissible. *Id.*

*Fallick v. Nationwide Mut. Ins. Co.*, 162 F.3d 410 (6th Cir. 1998) is instructive as to the standing issue here. In *Fallick*, Arthur Fallick sued Nationwide Mutual Insurance Co., his employer, arguing that Nationwide, as the fiduciary of Mr. Fallick's ERISA-governed medical benefits plan, had "improperly denied benefits to him and others by implementing a methodology for computing reasonable and customary limitations that is at odds with the provisions of the Nationwide Plan itself." *Id.* at 411–12. Mr. Fallick sought to certify and represent "a class of all persons who are participants or beneficiaries of ERISA-regulated health insurance plans administered or insured by Nationwide and who, as of January 1, 1990, made a claim for health care benefits and were improperly denied reimbursement of medical expenses." *Id.* at 411, 421. Nationwide filed a motion to dismiss, which the district court granted, arguing that Mr. Fallick "lacked standing under Article III of the U.S. Constitution to represent participants in benefits plans other than his own." *Id.* at 412, 421. On appeal, however, the Sixth Circuit reversed the district court, finding the district court's analysis "fundamentally flawed" in two specific ways:

> First, conceptually, it confuses the issue of a plaintiff's standing under Article III vis-á-vis a defendant with the relationship between a potential class representative and absent class members, which is governed by Rule 23 of the Federal Rules of Civil Procedure. Second, the district court overlooks several apposite decisions of courts in both this Circuit and others that hold that an individual in one ERISA benefit plan can represent a class of participants in numerous plans other than his own, if the gravamen of the plaintiff's challenge is to the general practices which affect all of the plans. *See Forbush v. J.C. Penney Co., Inc.*, 994 F.2d 1101 (5th Cir.1993); *Misch v. Community Mut. Ins. Co.*, [1995 WL 1055171] 1995 U.S. Dist. LEXIS 5059 (S.D.Ohio Feb. 15, 1995); *Sutton v. Medical Serv. Assoc. of Pennsylvania*, 1993 WL 273429 (E.D.Pa.1993); *Doe I v. Guardian Life Ins. Co. of Am.*, 145 F.R.D. 466 (N.D.Ill.1992).

7

*Id.* at 422 (internal citations omitted).

The Sixth Circuit also held in *Fallick* that once an ERISA plaintiff had established his own standing to challenge a defendant's practice, the question of whether he "will be able to represent the putative class, including absent class members, depends solely on whether he is able to meet the additional criteria encompassed in Rule 23…" *Id.* at 423. "[O]nce a potential ERISA class representative establishes his individual standing to sue his own ERISA-governed plan, there is no additional constitutional standing requirement related to his suitability to represent the putative class of members of other plans to which he does not belong." *Id.* at 424.

Here, Defendants do not argue that the potential ERISA class representatives Robert Nixon and Robyn Zinsmeister lack standing to file suit with regard to their own ERISA-governed plans. Both potential ERISA class representatives have stated that their claims for coverage of MISIJF under their health insurance plans, which were administered by Anthem, were denied based on SURG.00127 after review by Anthem UM. [R. 9 at 12–14; R. 17 at 2–3.] Furthermore, the parties do not dispute that Anthem, Inc. is a necessary party, and the Court has previously held that Anthem UM is also a necessary party because Anthem UM functions as a claim administrator and ERISA fiduciary. [R. 17 at 8–9.] The Court also held that Anthem KY and Rocky Mountain were necessary parties to this suit because they were "formally designated as ERISA fiduciaries," and those parties have been added to this lawsuit. [*Id.* at 9; R. 20.] Here, the potential class representatives have demonstrated an injury in fact that is fairly traceable to the actions of the defendant, which is likely to be redressed by a favorable decision. *Bennett*, 520 U.S. at 162. Although a defendant cannot establish standing "merely by virtue of bringing a class action," *Perry v. Allstate Indem. Co.*, 953 F.3d 417 (6th Cir. 2020), "once an individual has alleged a distinct and palpable injury to himself he has standing to challenge a practice even if

8

the injury is of a sort shared by a large class of possible litigants." *Fallick*, 162 F.3d at 423

(quoting *Senter v. Gen. Motors Corp.*, 532 F.2d 511, 517 (6th Cir. 1976)).

Ultimately, given that the potential ERISA class representatives have established

individual standing to sue, their constitutional standing requirements have been met. *Fallick* 162

F.3d at 424.  To the extent there is a question about the potential class representatives' ability to

represent other members of the class, that is a Rule 23 question and not a question of standing.[3]

*See Gooch v. Life Inv. Ins. Co. of Am.*, 672 F.3d 402, 421 (6th Cir. 2012).  Here as in *Fallick*, the

question of whether the class representatives are suitable to represent the putative class of

members of other plans to which they do not belong is not a standing issue, but is rather a Rule

23 issue that would more appropriately be addressed after the parties have had the opportunity to

engage in discovery. Thus, the Court declines to limit the class at this time as Defendants

request.

## B

 Defendants also argue that Plaintiffs' class definition is flawed.  [R. 35 at 8.]  Although

not explicitly mandated, Rule 23(a) requires a class to be sufficiently definite "so that it is

administratively feasible for the court to determine whether a particular individual is a member."

*Schilling*, 2011 WL 293759, at *5 (quoting 7A Charles Alan Wright, Arthur R. Miller & Mary

Kay Kane, *Federal Practice and Procedure* § 1760 (3d. ed.)).  Although each case is unique, two

important elements form the contours of a putative class: "(1) identification of a particular group

that was harmed during a particular time frame, in a particular location, in a particular way; and

(2) an order defining the class such that its membership may be ascertained in some objective

---

[3] Following the Court's prior order addressing joinder of claim administrators as necessary parties, [R. 17] Plaintiffs filed a Motion to Amend [R. 28] and Amended Motion to Amend [R. 42] to add additional parties, including additional claim administrators.  Those motions were granted in a previous order, which also cuts against Defendants' argument.

manner." *Id.* (citing *East Tex. Motor Freight Sys., Inc. v. Rodriguez*, 431 U.S. 395, 403 (1977)). "For a class to be sufficiently defined, the court must be able to resolve the question of whether class members are included or excluded from the class by reference to objective criteria." *Young v. Nationwide Mut. Ins. Co.*, 693 F.3d 532, 538 (6th Cir. 2012) (quoting *Moore's Federal Practice* § 23.21[3]). The test at this pre-discovery stage is facial sufficiency. *Schilling*, 2011 WL 293759, at *4; *see also John v. Nat'l Sec. Fire & Cas. Co.*, 501 F.3d 443, 445 (5th Cir.2007) (identifying the standard as whether "it is facially apparent from the pleadings that there is no ascertainable class").

Defendants argue that Plaintiffs' proposed class definition is flawed because the appropriate scope of certification discovery cannot be determined. [R. 35 at 8.] Specifically, Defendants argue that the class as defined includes health plans with varying limitation periods and accrual rules, which would require individual inquiries into the rules and limitations of each plan. *Id.* The need for individual inquiries, Defendants argue, means that the Plaintiffs' proposed definition is not readily ascertainable. *Id.* at 8, 10. In response, Plaintiffs make three arguments: (1) It is unnecessary to review the individual plans' contractual limitations periods because a three-year statute of limitations applies to this alleged ERISA violation under 29 U.S.C. § 1113(2) because Plaintiffs allege Defendants have breached fiduciaries duties under 29 U.S.C. §§ 1104(a), 1105, and 1133; (2) even if there was an issue regarding statutes of limitations, it would be a merit-based issue that should be determined after the class is certified; and (3) if this class is certifiable under Rule 23(b)(2) ascertainability is not required. [R. 38 at 7, 10–11.]

Review of the relevant caselaw demonstrates that Defendants' argument is without merit. The Sixth Circuit has held that for § 1132(a)(1)(B) claims, because "ERISA does not explicitly

provide a limitations period…courts fill the statutory gap using federal common law" and look to the state's most analogous statute of limitations. *Clemons v. Norton Healthcare Inc. Ret. Plan*, 890 F. 3d 254, 277–78 (6th Cir. 2018) (quoting *Patterson v. Chrysler Grp., LLC*, 845 F.3d 756, 762 (6th Cir. 2017)); *see also Mulder v. Local 705 Int. Brotherhood of Teamsters, Pension Fund*, 794, F. App'x 451, 457 (6th Cir. 2019). Kentucky's five-year limitations period applies when a plaintiff is seeking benefits under a plan and the claim depends on alleged violations of ERISA's statutory protections. *Clemons*, 890 F.3d at 278 (citing *Fallin v. Commonwealth Indus., Inc.*, 695 F.3d 512, 515 (6th Cir. 2012)). ERISA requires plaintiffs alleging breach of a fiduciary duty, such as under § 1132(a)(3) "to file suit within three years of gaining that knowledge rather than within the 6-year period that would otherwise apply." *Intel Corp. Inv. Policy Comm. v. Sulyma*, 140 S. Ct. 768, 773 (2020).[4] Therefore, the Court will not have to "examine every plan's limitation and accrual rules" to determine the applicable limitation period as Defendants suggest. [R. 35 at 10.]

Furthermore, after review, the Court finds that Plaintiffs' proposed definition is—at least on its face—readily ascertainable by reference to objective criteria. The class is limited to individuals who (1) are covered by an ERISA-based plan administered by Anthem; (2) submitted a request for approval of MISIJF; and (3) had that request denied after review by Anthem UM based on SURG.00127 during the limitations period. [R. 1-1 at 12.] Facts are important, and at this point, the Court has only the pleadings before it. At this early stage in the litigation, it cannot be said that it is "*impossible* to certify the class as alleged regardless of the facts plaintiffs may be able to prove [through discovery]." *Schilling*, 2011 WL 293759, at \*4. However,

---

[4] *Sulyma* specifically pertains to § 1132(a)(2). 140 S. Ct. at 773. However, under both § 1132(a)(2) and § 1132(a)(3) an action may not be commenced regarding a fiduciary's breach after the earlier of "six years after… the date of the last action which constituted a part of the breach or violation…or three years after the earliest date on which the plaintiff had actual knowledge of the breach or violation." 29 U.S.C. § 1113.

"[c]lass certification does not preclude a defense based on the statute of limitations as to one or more class members." *Eddleman v. Jefferson Cnty.*, 1996 WL 495013, at *3 (6th Cir. Aug. 29, 1996).

Because the Court finds that the proposed class definition is, at least on its face, readily ascertainable, the Court need not address Plaintiffs' argument regarding the need to prove ascertainability under Rule 23(b)(2) at this time. Discovery may ultimately demonstrate that the class cannot be certified or that the class definition needs to be revised. However, without any discovery or other detailed evidence before the Court, striking Plaintiffs' class allegations on this ground would be premature.

### C

Defendants next argue that Plaintiffs' allegations fail to establish commonality, which is required under Rule 23(a). [R. 35 at 10.] In order for a class to be certified, there must be "questions of law or fact common to the class." Fed. R. Civ. P. 23(a)(2). This is because, where there are common questions of law or fact, "the class-action device saves the resources of both the courts and the parties by permitting an issue potentially affecting every class member to be litigated in an economical fashion under Rule 23." *Gen. Tel. Co. v. Falcon*, 457 U.S. 147, 155 (1982) (quoting *Califano v. Yamasaki*, 442 U.S. 682, 700–01 (1979)). The commonality requirement is not stringent. "[T]o meet the commonality requirement of Rule 23(a)(2), a party need not convince the Court that the common question or questions are the predominant questions in the case, but only that common questions do exist." *England v. Advance Stores Co. Inc.*, 263 F.R.D. 423, 454 (W.D. Ky. 2009).

Traditionally, it has been the rule that to satisfy the commonality requirement of Rule 23(a)(2), only one single issue that is common to all members of the class is required, not

12

multiple issues. *In re Am. Med. Sys. Inc.*, 75 F.3d 1069, 1080 (6th Cir. 1996); *Alkire v. Irving*, 330 F.3d 802, 820 (6th Cir. 2003) ("Although Rule 23(a)(2) refers to common questions of law or fact, in the plural, there need only be one question common to the class—though that question must be a 'common issue the resolution of which will advance the litigation.'") (quoting *Sprague v. Gen. Motors*, 133 F.3d 388, 397 (6th Cir. 1998)).

The language of commonality "is easy to misread, since '[a]ny competently crafted class complaint literally raises common "questions."'" *Dukes*, 564 U.S. at 349 (quoting Richard A. Nagareda, *Class Certification in the Age of Aggregate Proof*, 84 N.Y.U. L. Rev. 97, 131–32 (April 2009)). The essential commonality inquiry, therefore, is not whether common questions exist, "but rather the capacity of a classwide proceeding to generate common *answers* apt to drive the resolution of the litigation." *Id.* at 350 (quoting Nagareda, supra, at 132). Dissimilarities between members of the proposed class can potentially impede the satisfaction of this requirement. *Id.* Indeed, "[c]ommonality requires the plaintiff to demonstrate that the class members 'have suffered the same injury.'" *Id.* at 349–50 (quoting *Falcon*, 457 U.S. at 157).

Again, the test at this pre-discovery stage is facial insufficiency. *Schilling*, 2011 WL 293759, at *4. The Supreme Court's decision in *Dukes* did not change the general rule that, "ordinarily, the [class] determination should be predicated on more information than the pleadings will provide." *Weathers*, 499 F.2d at 1200. Instead, *Dukes* reaffirmed it: by emphasizing the longstanding principle that class certification determination must be based on a "rigorous analysis to ensure '[a]ctual, not presumed, conformance' with Rule 23," *Dukes* "confirms that pre-certification discovery should ordinarily be available where a plaintiff has alleged a potentially viable class claim." *Burton v. D.C.*, 277 F.R.D. 224, 230 (D.D.C.2011) (quoting *Dukes*, 131 S. Ct. at 2551).

Defendants argue that Plaintiffs cannot satisfy the commonality requirement because (1) the standard of review turns on individualized inquiries; (2) the determination of whether denial of MISIJF violations a particular class member's plan requires individualized analysis of the terms of each plan; (3) factual questions about the state of medical science regarding MISIJF are not common to the class as a whole; and (4) the challenged medical policy has changed over time and is therefore not common to the class.  [R. 35 at 11–18.]  Plaintiffs respond to each of Defendants' arguments, alleging that none of them stand.  The Court will address each argument in turn.

a

Defendants' first two commonality arguments contend that the standard of review turns on individualized inquiries and that determining whether denial of MISIJF violates a class member's plan requires individualized analysis of each plan's terms.  [R. 35 at 11, 13.]  Both arguments are premised on the idea that each class members' health benefit plan will require individualized review.  Defendants contend that each class member's plan would have to be individually examined to determine the appropriate standard of review and specific governing policy terms, and that Plaintiffs "do not allege the terms of these plans are uniform, or even that the differences are not material."  *Id.* at 13, 16.

However, "[t]he need to manually review files is not dispositive. If it were, defendants against whom claims of wrongful conduct have been made could escape class-wide review due solely to the size of their businesses or the manner in which their business records were maintained."  *Young*, 693 F.3d at 540.  In addition, commonality does not require complete uniformity.  "[T]he commonality test is met when there is at least one issue whose resolution will affect all or a significant number of the putative class members."  *Fallick*, 162 F.3d 424.  Here,

14

Plaintiffs allege that all ERISA-based Anthem, Inc. and Anthem UM plans, "even after Anthem edited SURG.00127," categorically denied MISIJF requests.  [R. 38.]  This allegation charges that all putative class plaintiffs suffered the same injury, and therefore that a class-wide proceeding could "generate common answers."  *Dukes*, 564 U.S. at 350.

The Defendants' reliance in their motion on *Franco v. Conn. Gen. Life Ins. Co.*, 289 F.R.D. 121 (D.N.J. 2013), to argue that the standard of review turns on individualized inquiries, is misplaced.  The Court in *Franco* found that the commonality requirement was satisfied in that case, and the specific portion of the case referenced by Defendants regarded the predominance prong of the Rule 23 analysis.  *Id.* at 135.  Furthermore, while the record in *Franco* was "sparse" on proof of a standard definition or practice across plans, the Plaintiffs here have alleged a uniform practice across Anthem Plans of denying MISIJF surgeries based on policy SURG.00127.  [R. 38 at 1.]

Here, Defendants have failed to demonstrate that in cases where there is a uniform practice across plans, such as Plaintiffs allege here, different standards of review apply.  Of even more consequence, Defendants have not shown how even if different standards of review applied, this would contravene the lenient commonality requirement and it would be "impossible to certify the class as alleged," particularly at this pre-discovery stage.  *Schilling* 2011 WL 293759, at *4.  Ultimately, although ERISA claims generally depend on plan language, the common practice of denying claims for certain surgeries because they are deemed "investigational and not medically necessary" can satisfy the commonality requirement.  *Atzin v. Anthem, Inc.*, 2020 WL 2198031, at *3 (C.D. Cal. May 6, 2020).

**b**

Defendants next argue that factual questions about the medical science surrounding MISIJF are not common to the class. [R. 35 at 17.] Defendants argue this is true because "scientific knowledge evolves over time," and what was known or presented to Defendants at the time an individual class member's claim was denied changes as time progresses. *Id.* Plaintiffs respond that Defendants are attempting to prematurely reach the merits of this case. [R. 38 at 15.] Furthermore, Plaintiffs point to the fact that Plaintiffs specifically pled that SURG.00127 was never based on current medical evidence during the relevant class period, and that numerous medical authorities have found MISIJF to be safe and effective dating back to before the relevant class period begins. [R. 38 at 15.] The Court agrees with the Plaintiffs and finds at this stage in the litigation that Defendant's commonality argument based on changing scientific knowledge is without merit.

**c**

Finally, Defendants briefly argue that because the challenged medical policy has changed over time, commonality is lacking from the class. Plaintiffs respond that they specifically pled that despite edits to SURG.00127, "Anthem and Anthem UM continued to categorically deny requests for MISIJF." [R. 38 at 16.] Furthermore, the change to SURG.00127 was made after this litigation was underway, and Defendants have presented no evidence to rebut Plaintiffs' claim that Anthem continued to "categorically deny requests for MISIJF based on criteria that was inconsistent with accepted medical standards." *Id.*

This litigation is still in the early stages, as discovery has not yet begun. The commonality standard is lenient toward class plaintiffs, and Defendants have failed at this stage to demonstrate that it would "be impossible to certify the class as alleged, regardless of the facts

16

plaintiffs may be able to prove [through discovery]." *Schilling*, 2011 WL 293759, at *4. Therefore, the Court declines to grant Defendants' motion to strike on the issue of commonality.

**D**

Defendants' final argument is that Plaintiffs cannot satisfy any of the three Rule 23(b) provisions. [R. 35 at 18.] Class certification requires Plaintiffs to satisfy one of the provisions of Rule 23(b). Fed. R. Civ. P. 23(b); *see also Rikos v. Proctor & Gamble Co.*, 799 F.3d 497, 509 (6th Cir. 2015) ("[E]ach class meeting [the] prerequisites [of Rule 23(a)] must also pass at least one of the tests set forth in Rule 23(b)." (quoting *Sprague v. Gen. Motors Corp.*, 133 F.3d 388, 397 (6th Cir. 1998) (en banc)).

Defendants specifically argue that Rule 23(b)(1) is inapplicable to Plaintiffs' class action, Rule 23(b)(2) is not appropriate due to the need for "individualized consideration of each class member's claim," and Rule 23(b)(3) is not suitable because Plaintiffs "cannot satisfy Rule 23(b)(3)'s predominance requirement." [R. 35 at 19–22.] Plaintiffs, in response, argue that they have sufficiently pled the requirements for all three provisions of Rule 23(b). [R. 38 at 17.] However, at this pre-discovery stage in the litigation, "Plaintiffs have not yet specified what subsection of Rule 23(b) the class should be certified under," and granting Defendants' motion to strike at this early stage in the litigation would therefore be premature. *Blankenship v. Pushpin Holdings, LLC*, 2015 WL 5895416, at *14 n.6 (N.D. Ill. Oct. 6, 2015).

To support the motion to strike, Defendants cite to cases in which the Plaintiffs have filed a motion for class certification. [R. 35 at 19–23.] However, not only have Plaintiffs not filed a motion for class certification in this case, but discovery has also not yet commenced. This case is still in the early stages of litigation, and the Court finds that addressing the parties' arguments in the context of a motion for class certification, once the parties have engaged in discovery,

17

would be more appropriate.  *See Sealock v. Covance, Inc.*, 2018 WL 2290698, at *1 (S.D.N.Y.

May 18, 2018) ("[A] motion to strike class claims is considered premature if the issues raised are

the same ones that would be decided in connection with determining the appropriateness of class

certification under Rules 23(a) and 23(b) of the Federal Rules of Civil Procedure"); *Mauer v.*

*Am. Intercontinental Univ., Inc.*, 2016 WL 4698665, at *4–5 (N.D. Ill. Sept. 8, 2016) (denying

motion to strike because granting motion based on class allegations and before the parties have

engaged in discovery would be premature); *Sweeney v. Kimberly-Clark Corp.*, 2016 WL 727173,

at *2 (M.D. Fla. Feb. 22, 2016) (denying defendants' motion to strike to "allow the class

certification issue to be decided in the context of any motion for class certification filed by the

Plaintiffs"); *Hull v. Viega, Inc.*, 2013 WL 759376, at *5 (D. Kan. Feb. 27, 2013) (denying

motion to strike class action allegations as premature because of court's "obligation to conduct a

'rigorous analysis' into whether the prerequisites of Rule 23 are met" and the fact that the

analysis "would be less than rigorous without additional briefing on the class certification

issues").

Given the Sixth Circuit's general admonition to defer the certification determination until

after discovery, *In re Am. Med. Sys.*, 75 F.3d at 1086, as well as the Supreme Court's instruction

that a class certification should be subjected to a "rigorous," fact-sensitive review, *Dukes*, 131 S.

Ct. at 2552 (citing *Falcon*, 457 U.S. at 161), it is appropriate to decline to strike Plaintiffs' class

allegations at this time.  Defendants' motion to strike Plaintiffs' class allegations will be denied

at this stage.  Resolution of this issue is deferred until Plaintiffs' motion for class certification

and after class discovery has taken place.  The Court presently takes no position on the merits of

such a motion.

**III**

Accordingly, and the Court being sufficiently advised, it is hereby **ORDERED** that

Defendants' Motion to Strike the Class Allegations **[R. 35]** is **DENIED**.

This the 1st day of September, 2021.

Gregory F. Van Tatenhove
United States District Judge