UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
FRANKFORT DIVISION

*Electronically Filed*

| | | |
|---|---|---|
| ROBERT NIXON and ROBYN ZINSMEISTER, JASON HECKER, KARMEN EXLEY, and ARTHUR KARRICK, on behalf of themselves and all others similarly situated, | ) ) ) ) ) ) | CASE NO. 3:19-cv-00076-GFVT |
| Plaintiffs, | ) ) ) | Removed from Franklin Circuit Court Civil Action No. 19-CI-00977 |
| v. | ) ) | |
| ANTHEM, INC., ANTHEM UM SERVICES, INC., ANTHEM HEALTH PLANS OF KENTUCKY, INC., ROCKY MOUNTAIN HOSPITAL AND MEDICAL SERVICES, INC., BLUE CROSS BLUE SHIELD OF WISCONSIN, BLUE CROSS BLUE SHIELD HEALTHCARE PLAN OF GEORGIA, INC., and COMMUNITY INSURANCE COMPANY, | ) ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) | |

**DEFENDANTS' ANSWER TO
PLAINTIFFS' THIRD AMENDED COMPLAINT**

Defendants, Anthem, Inc., Anthem UM Services, Inc., Anthem Health Plans of Kentucky, Inc., Rocky Mountain Hospital and Medical Service, Inc., Blue Cross Blue Shield of Wisconsin, Blue Cross Blue Shield Healthcare Plan of Georgia, Inc., and Community Insurance Company (collectively, "Defendants"), by counsel, for their Answer to Plaintiffs Robert Nixon, Robyn Zinsmeister, Jason Hecker, Karmen Exley, and Arthur Karrick's (collectively, "Plaintiffs") Third Amended Complaint (the "Complaint") state that they deny each of the allegations made against them except to the extent specifically admitted in this Answer, and otherwise state as follows:

**ANSWER**

Subject to and without waiving any and all defenses available to them, including but not limited to those set forth herein, Defendants respond to the allegations numbered sequentially 1-188 in the Complaint as follows:

1.      Defendants admit that Anthem, Inc. ("Anthem") is a health benefit company that operates in the United States.  Defendants state that the Schedule 10-k filings with the Securities and Exchange Commission (SEC) speak for themselves.

2.      Defendants admit that Anthem has wholly-owned subsidiaries and affiliated companies in the United States, but denies that it "acts through" those entities.  Defendants also admit that many of the health insurance plans and health benefit plans Defendants offer are governed by ERISA.  Defendants deny the remaining allegations contained in Paragraph 2 of the Complaint.

3.      Defendants admit that Anthem is a licensee of the Blue Cross Blue Shield Association, but deny the remaining allegations contained in Paragraph 3 of the Complaint.

4.      Defendants admit that Anthem Health Plans of Kentucky, Inc. ("Anthem KY") is a Kentucky corporation with its principal place of business located at 13550 Triton Park Boulevard, Louisville, KY 40223. Anthem KY admits that its registered agent is CT Corporation System, 306 W. Main St., Suite 512, Frankfort, Kentucky 40601. Defendants deny the remaining allegations contained in Paragraph 4 of the Complaint.

5.      Defendants admit that Rocky Mountain Hospital and Medical Service, Inc. ("Rocky Mountain") is a Colorado corporation with its principal place of business located at 700 Broadway, Denver, CO 80203. Rocky Mountain admits that its registered agent is CT Corporation System,

770 E Arapahoe Rd Ste 220, Centennial, CO 80112. Defendants deny the remaining allegations contained in Paragraph 5 of the Complaint.

6.      Defendants admit that Blue Cross Blue Shield of Wisconsin ("BCBS-WI") is a Wisconsin corporation with an office located at N17 W24340 Riverwood Drive, Waukesha, WI 53188.  Defendants deny the remaining allegations contained in Paragraph 6 of the Complaint.

7.      Defendants admit that Blue Cross Blue Shield Healthcare Plan of Georgia, Inc. ("BCBS-GA") is a Georgia corporation and can be served via its registered agent, CT Corporation System. Defendants deny the remaining allegations contained in Paragraph 7 of the Complaint.

8.      Defendants admit that Community Insurance Company ("CIC") is an Ohio corporation and can be served via its registered agent, CT Corporation System.  Defendants deny the remaining allegations contained in Paragraph 8 of the Complaint.

9.      Defendants admit that Anthem UM Services, Inc. ("Anthem UM") provides certain utilization review services on behalf of Anthem KY, Rocky Mountain, CIC, BCBS-GA, and BCBS-WI, but otherwise deny the allegations of Paragraph 9 of the Complaint.

10.     Defendants admit that Anthem KY operates under the trade name of Anthem Blue Cross and Blue Shield in Kentucky and that Anthem KY is a wholly-owned subsidiary of Anthem, but expressly deny that Anthem "operates" Anthem KY.  Defendants deny the remaining allegations contained in Paragraph 10 of the Complaint.

11.     Defendants admit that Rocky Mountain operates in Colorado and that Rocky Mountain is a wholly-owned subsidiary of Anthem, but expressly deny that Anthem "operates" Rocky Mountain.  Defendants deny the remaining allegations contained in Paragraph 11 of the Complaint.

12.    Defendants admit that BCBS-WI operates under the trade name of Anthem Blue Cross and Blue Shield in Wisconsin and that BCBS-WI is a wholly-owned subsidiary of Anthem, but expressly deny that Anthem "operates" BCBS-WI.  Defendants deny the remaining allegations contained in Paragraph 12 of the Complaint.

13.    Defendants admit that BCBS-GA operates under the trade name of Anthem Blue Cross and Blue Shield in Georgia and that BCBS-GA is a wholly-owned subsidiary of Anthem, but expressly deny that Anthem "operates" BCBS-GA.  Defendants deny the remaining allegations contained in Paragraph 13 of the Complaint.

14.    Defendants admit that CIC operates under the trade name of Anthem Blue Cross and Blue Shield in Ohio and that CIC is a wholly-owned subsidiary of Anthem, but expressly deny that Anthem "operates" CIC.  Defendants deny the remaining allegations contained in Paragraph 14 of the Complaint.

15.    Defendants deny the allegations contained in Paragraph 15 of the Complaint. Pleading further, Defendants state that Anthem UM provides certain utilization review services on behalf of Anthem KY, Rocky Mountain, CIC, BCBS-GA, and BCBS-WI.

16.    Defendants admit that the claims administrators for Plaintiffs' plans utilized coverage guidelines and medical policies in making decisions regarding claims for benefits. Defendants deny the remaining allegations contained in Paragraph 16 of the Complaint.

17.    Defendants state that Paragraph 17 states a legal conclusion to which no admission or denial is required.

18.    Defendants admit that Anthem KY performs certain claim administration services for Nixon's plan.

19. Defendants admit that Rocky Mountain performs certain claim administration services for Zinsmeister's plan.

20. Defendants admit that BCBS-WI performs certain claim administration services for Hecker's plan.

21. Defendants admit that BCBS-GA performs certain claim administration services for Exley's plan.

22. Defendants admit that CIC performs certain claim administration services for Karrick's plan.

23. Defendants admit that subsidiary corporations operate in some states under the trade name Anthem Blue Cross and Blue Shield. The remaining allegations of Paragraph 23 are denied.

24. Defendants admit that the entities listed in Paragraph 24 operate in those respective states, but deny that Anthem "operates" those entities. Defendants deny the remaining allegations contained in Paragraph 24 of the Complaint.

25. The allegations in Paragraph 25 of the Complaint constitute Plaintiffs' characterization of their case, to which no response is required. To the extent a response is required, Defendants deny any wrongdoing or liability associated with Plaintiffs' characterization of their case and otherwise deny the allegations contained in Paragraph 25 of the Complaint.

26. Defendants admit that the medical coverage policy called SURG.00127 addresses coverage of MISIJF procedures, but otherwise state that the medical policy SURG.00127 speaks for itself, and Defendants deny any allegations or implications inconsistent therewith. Any remaining allegations in Paragraph 26 are denied.

27. Defendants state that the official actions of the FDA speak for themselves, and are without sufficient information or knowledge to form a belief as to the truth of any remaining allegations contained in Paragraph 27 of the Complaint and, therefore, deny the same.

28. The allegations in Paragraph 28 of the Complaint constitute Plaintiffs' characterization of their Complaint, to which no response is required. To the extent a response is required, Defendants deny the allegations contained in Paragraph 28 of the Complaint.

29. Defendants state that Paragraph 29 states a legal conclusion to which no admission or denial is required.

30. Defendants state that Paragraph 30 states a legal conclusion to which no admission or denial is required.

31. Paragraph 31 merely paraphrases the contents of 29 U.S.C. § 1132(e), which speaks for itself, and Defendants deny any allegations or implications inconsistent therewith.

32. Defendants admit that Anthem UM maintains a registered agent in Franklin County, Kentucky, but state the remaining allegations of Paragraph 32 state only legal conclusions, to which no admission or denial is required.

33. Defendants admit that Plaintiff Robert Nixon was a participant in the Catholic Health Initiatives Medical Plan ("CHIMP"). Defendants are without sufficient information or knowledge to form a belief as to the truth of the remaining allegations contained in Paragraph 33 of the Complaint and, therefore, deny the same.

34. Defendants admit that Plaintiff Robyn Zinsmeister was a participant in an employee welfare benefit plan that is fully insured. Defendants are without sufficient information or knowledge to form a belief as to the truth of the remaining allegations contained in Paragraph 34 of the Complaint and, therefore, deny the same.

35. Defendants admit that Plaintiff Jason Hecker was a participant in an employee welfare benefit plan that is fully insured. Defendants are without sufficient information or knowledge to form a belief as to the truth of the remaining allegations contained in Paragraph 35 of the Complaint and, therefore, deny the same.

36. Defendants admit Plaintiff Karmen Exley was a participant in an employee welfare benefit plan that is self-funded by her husband's employer. Defendants are without sufficient information or knowledge to form a belief as to the truth of the remaining allegations contained in Paragraph 36 of the Complaint and, therefore, deny the same.

37. Defendants admit that Plaintiff Arthur Karrick was a participant in an employee welfare benefit plan that is self-funded by his employer. Defendants are without sufficient information or knowledge to form a belief as to the truth of the remaining allegations contained in Paragraph 37 of the Complaint and, therefore, deny the same.

38. Defendants admit that Anthem is an Indiana corporation with its principal place of business located at 220 Virginia Avenue, Indianapolis, IN 46204 and that Anthem UM is an Indiana corporation with its principal place of business located at 220 Virginia Avenue, Indianapolis, IN 46204. Defendants admit that Anthem UM provides certain utilization review services for plan and claim administrators for certain ERISA health care plans. Any remaining allegations of Paragraph 38 are denied.

39. Defendants admit that Anthem KY is a Kentucky corporation and that Anthem Blue Cross and Blue Shield is the trade name of Anthem KY. Defendants deny the remaining allegations contained in Paragraph 39 of the Complaint.

40.     Defendants admit that Rocky Mountain is a Colorado corporation and that Anthem Blue Cross and Blue Shield is the trade name of Rocky Mountain. Defendants deny the remaining allegations contained in Paragraph 40 of the Complaint.

41.     Defendants admit that Blue Cross Blue Shield of Wisconsin ("BCBS-WI") is a Wisconsin corporation and that Anthem Blue Cross and Blue Shield is the trade name of BCBS-WI.. Defendants deny the remaining allegations contained in Paragraph 41 of the Complaint.

42.     Defendants admit that BCBS-GA is a Georgia corporation and that Anthem Blue Cross and Blue Shield is the trade name of BCBS-GA. Defendants deny the remaining allegations contained in Paragraph 42 of the Complaint.

43.     Defendants admit that CIC is an Ohio corporation and that Anthem Blue Cross and Blue Shield is the trade name of CIC. Defendants deny the remaining allegations contained in Paragraph 43 of the Complaint.

44.     Defendants admit that Nixon has been covered by a health plan for which Anthem KY provided certain claims administration services, that Zinsmeister has been covered by a health plan for which Rocky Mountain provided certain claims administration services, Hecker has been covered by a health plan for which BCBS-WI provided certain claims administration services, that Exley has been covered by a health plan for which BCBS-GA provided certain claims administration services, and that Karrick has been covered by a health plan for which CIC provided certain claims administration services. Defendants are without sufficient information or knowledge to form a belief as to the truth of any remaining allegations contained in Paragraph 44 of the Complaint and, therefore, deny the same.

45.     Defendants state that the health plans speak for themselves, and Defendants deny any allegations or implications inconsistent therewith.

8

46.    Defendants state that the CHIMP plan speaks for itself, and Defendants deny any allegations or implications inconsistent therewith.  Defendants admit that Anthem KY provided certain claims administration services for Nixon's plan.  Defendants deny the remaining allegations contained in the second sentence of Paragraph 46.

47.    Defendants state that the fully-insured Anthem PPO health insurance plan speaks for itself, and Defendants deny any allegations or implications inconsistent therewith.  Defendants admit that Rocky Mountain provided certain claim administration services for Zinsmeister's plan.  Defendants deny the remaining allegations contained in the second sentence of Paragraph 47.

48.    Defendants state that the fully-insured health insurance plan speaks for itself, and Defendants deny any allegations or implications inconsistent therewith.  Defendants admit that BCBS-WI provided certain claim administration services for Hecker's plan.  Defendants deny the remaining allegations of Paragraph 48 of the Complaint.

49.    Defendants state that the health insurance plan through Exley's spouse's employer speaks for itself, and Defendants deny any allegations or implications inconsistent therewith.  Defendants admit that BCBS-GA provided certain claim administration services for Exley's plan.  Defendants deny the remaining allegations of Paragraph 49 of the Complaint.

50.    Defendants state that the health insurance plan speaks for itself, and Defendants deny any allegations or implications inconsistent therewith.  Defendants admit that CIC provided certain claim administration services for Karrick's plan.  Defendants deny the remaining allegations of Paragraph 50 of the Complaint.

51.    Defendants admit the allegations contained in the first sentence of Paragraph 51 of the Complaint.  Defendants are without sufficient information or knowledge to form a belief as to

9

the truth of the allegations contained in the second sentence of Paragraph 51 and, therefore, deny the same.

52.     Defendants are without sufficient information or knowledge to form a belief as to the truth of the remaining allegations contained in Paragraph 52 of the Complaint and, therefore, deny the same.

53.     Defendants are without sufficient information or knowledge to form a belief as to the truth of the remaining allegations contained in Paragraph 53 of the Complaint and, therefore, deny the same.

54.     Defendants are without sufficient information or knowledge to form a belief as to the truth of the remaining allegations contained in Paragraph 54 of the Complaint and, therefore, deny the same.

55.     Defendants deny the allegations contained in Paragraph 55 of the Complaint.

56.     Defendants state that the official actions of the FDA speak for themselves, and are without sufficient information or knowledge to form a belief as to the truth of the remaining allegations contained in Paragraph 56 of the Complaint and, therefore, deny the same.

57.     Defendants state that the International Society for the Advancement of Spine Surgery policy statement speaks for itself, and Defendants deny any allegations or implications inconsistent therewith.

58.     Defendants state that the National American Spine Society coverage policy statement speaks for itself, and Defendants deny any allegations or implications inconsistent therewith.

10

59.    Defendants state that Medicare Administrative Contractors' coverage determinations speak for themselves, and that Defendants deny any of the remaining allegations contained in Paragraph 59 of the Complaint.

60.    Defendants are without sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph 60 of the Complaint and, therefore, deny the same.

61.    Defendants state that the Milliman Care Guidelines speak for themselves, and Defendants deny any allegations or implications inconsistent therewith.

62.    Defendants are without sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph 62 of the Complaint and, therefore, deny the same.

63.    Defendants deny the allegations contained in Paragraph 63 of the Complaint.

64.    Defendants are without sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph 64 of the Complaint, and, therefore, Defendants deny the same.

65.    Defendants are without sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph 65 of the Complaint and, therefore, deny the same.

66.    Defendants are without sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph 66 of the Complaint and, therefore, deny the same.

67.    Defendants deny the allegations contained in Paragraph 67 of the Complaint.

68.     Defendants admit that medical policies are utilized by some corporate affiliates of Anthem, Inc. in connection with their performance of claims administration services, but otherwise deny the remaining allegations contained in Paragraph 68 of the Complaint.

69.     Defendants state that the quoted website language speaks for itself, and Defendants deny any allegations or implications inconsistent therewith.

70.     Defendants deny the allegations contained in Paragraph 70 of the Complaint.

71.     Defendants admit that Anthem UM provides certain utilization review services for certain health benefit plans, and may consult medical policies where relevant to the performance of those services.  Defendants deny any remaining allegations in Paragraph 71 of the Complaint.

72.     Defendants state that the website language speaks for itself, and Defendants deny any allegations or implications inconsistent therewith.

73.     Defendants state that the website language speaks for itself, and Defendants deny any allegations or implications inconsistent therewith.

74.     Defendants state that the Medical Management – Medical Policy and Clinical Utilization Management Guidelines speaks for itself, and Defendants deny any allegations or implications inconsistent therewith.

75.     Defendants state that the allegations of paragraph 75 are vague and ambiguous as to what "definitions" are being referenced.  With respect to the definitions of "investigational" and "medically necessary" set forth in putative class members' benefit plans, Anthem states that these definitions speak for themselves and denies that the definitions are uniform across all Anthem Plans.  Any remaining allegations in paragraph 75 are denied.

76.    Defendants admit that SURG.00127 has been cited by certain plan and claim administrators in connection with certain denials of coverage for MISIJF, but deny any remaining allegations in Paragraph 76 of the Complaint.

77.    Defendants state that SURG.00127 speaks for itself, and Defendants deny any allegations or implications inconsistent therewith.

78.    Defendants state that SURG.00127 speaks for itself, and Defendants deny any allegations or implications inconsistent therewith.

79.    Defendants admit that some version of SURG.00127 has been utilized by certain plan and claim administrators during times relevant to this case.  Defendants deny the remaining allegations contained in Paragraph 79 of the Complaint.

80.    Defendants admit that SURG.00127 was revised in or around December 18, 2019, and is periodically revised as it is continually reviewed based on the current, relevant medical and scientific information and resources.

81.    Defendants state that SURG.00127 speaks for itself, and Defendants deny any allegations or implications inconsistent therewith.

82.    Defendants admit that SURG.00127 was revised in or around April 15, 2020, and is periodically revised as it is continually reviewed based on the current, relevant medical and scientific information and resources.

83.    Defendants state that SURG.00127 speaks for itself, and Defendants deny any allegations or implications inconsistent therewith.

84.    Defendants deny the allegations contained in Paragraph 84 of the Complaint.

85.    Defendants admit that the Milliman Care Guidelines are one resource that Anthem considers and reviews in developing medical policies.  Defendants deny the remaining allegations contained in Paragraph 85 of the Complaint.

86.    Defendants admit that the Milliman Care Guidelines are one resource that Anthem considers and reviews in developing medical policies.  Defendants deny the remaining allegations contained in Paragraph 86 of the Complaint.

87.    Defendants state that Nixon's plan and other plans speak for themselves, and Defendants deny any allegations or implications inconsistent therewith.

88.    Defendants state that Nixon's plan and other plans speak for themselves, and Defendants deny any allegations or implications inconsistent therewith.

89.    Defendants state that Zinsmeister's plan speaks for itself, and Defendants deny any allegations or implications inconsistent therewith.

90.    Defendants state that Nixon's plan and other plans speak for themselves, and Defendants deny any allegations or implications inconsistent therewith.

91.    Defendants state that Zinsmeister's plan speaks for itself, and Defendants deny any allegations or implications inconsistent therewith.

92.    Defendants state that Hecker's plan, the Plaintiffs' plans, and other plans speak for themselves, and Defendants deny any allegations or implications inconsistent therewith.

93.    Defendants state that Exley's plan, the Plaintiffs' plans, and other plans speak for themselves, and Defendants deny any allegations or implications inconsistent therewith.

94.    Defendants state that Karrick's plan, the Plaintiffs' plans, and other plans speak for themselves, and Defendants deny any allegations or implications inconsistent therewith.

95.     Defendants state that Plaintiffs' plans and other plans speak for themselves, and Defendants deny any allegations or implications inconsistent therewith.

96.     Defendants admit that Anthem KY, Rocky Mountain, BCBS-WI, BCBS-GA, and CIC administer requests for benefits as the claim administrators for Plaintiffs' plans, but deny the remaining allegations contained in Paragraph 96 of the Complaint.

97.     Defendants deny the allegations contained in Paragraph 97 of the Complaint.

98.     Defendants state that the Plaintiffs' plans and other plans speak for themselves and deny any allegations or implications inconsistent therewith.

99.     Defendants deny the allegations contained in Paragraph 99 of the Complaint.

100.    Defendants are without sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph 100 of the Complaint and, therefore, deny the same.

101.    Defendants are without sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph 101 of the Complaint and, therefore, deny the same.

102.    Defendants are without sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph 102 of the Complaint and, therefore, deny the same.

103.    Defendants are without sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph 103 of the Complaint and, therefore, deny the same.

104.    Defendants are without sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph 104 of the Complaint and, therefore, deny the same.

105.    Defendants admit that a letter was sent to Nixon on or around November 9, 2018, but otherwise the Defendants state that the letter speaks for itself, and Defendants deny any allegations or implications inconsistent therewith.

106.    Defendants admit that a letter was sent to Nixon on or around December 10, 2018, but otherwise the Defendants state that the letter speaks for itself, and Defendants deny any allegations or implications inconsistent therewith.

107.    Defendants state that the letter speaks for itself, and Defendants deny any allegations or implications inconsistent therewith.

108.    Defendants admit that a letter was sent to Nixon on or around January 11, 2019, but otherwise the Defendants state that the letter speaks for itself, and Defendants deny any allegations or implications inconsistent therewith.

109.    Defendants admit that a letter was sent to Nixon on or around June 3, 2019, but otherwise the Defendants state that the letter speaks for itself, and Defendants deny any allegations or implications inconsistent therewith.

110.    Defendants admit that a letter was sent to Nixon on or around September 10, 2019, but otherwise the Defendants state that the letter speaks for itself, and Defendants deny any allegations or implications inconsistent therewith.

111.    Defendants admit that SURG.00127 was referenced in correspondence related to Nixon's requests for coverage of an MISIIJF procedure, but otherwise deny the allegations of Paragraph 111.

112.    Defendants are without sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph 112 of the Complaint, insofar as this Paragraph does not specifically identify which other requests for coverage by Plaintiff are being referenced, and, therefore, deny the same.

113.    Defendants state that any referenced claims correspondence speaks for itself, and deny any allegations or implications inconsistent therewith, and Defendants are otherwise without sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph 113 of the Complaint and, therefore, deny the same.

114.    Defendants are without sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph 114 of the Complaint and, therefore, deny the same.

115.    Defendants are without sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph 115 of the Complaint and, therefore, deny the same.

116.    Defendants are without sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph 116 of the Complaint and, therefore, deny the same.

117.    Defendants are without sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph 117 of the Complaint and, therefore, deny the same.

118.    Defendants are without sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph 118 of the Complaint and, therefore, deny the same.

119.    Defendants are without sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph 119 of the Complaint, insofar as Paragraph 119 does not specifically identify which requests are being referenced, and, therefore, Defendants deny the same.

120.    Defendants are without sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph 120 of the Complaint, insofar as Paragraph 120 does not specifically identify which request for coverage and related appeal are being referenced, and, therefore, Defendants deny the same.

121.    Defendants admit that a letter was sent to Zinsmeister on or around June 13, 2019, but otherwise the Defendants state that the letter speaks for itself, and Defendants deny any allegations or implications inconsistent therewith.

122.    Defendants state that the letter speaks for itself, and Defendants deny any allegations or implications inconsistent therewith.

123.    Defendants state that the letter speaks for itself, and Defendants deny any allegations or implications inconsistent therewith.

124.    Defendants are without sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph 124 of the Complaint and, therefore, deny the same.

125.    Defendants are without sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph 125 of the Complaint and, therefore, deny the same.

126.    Defendants are without sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph 126 of the Complaint and, therefore, deny the same.

127.    Defendants are without sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph 127 of the Complaint and, therefore, deny the same.

128.    Defendants are without sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph 128 of the Complaint and, therefore, deny the same.

129.    Defendants are without sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph 129 of the Complaint, insofar as Paragraph 129 does not specifically identify which requests are being referenced, and, therefore, Defendants deny the same.

130.    Defendants are without sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph 130 of the Complaint, insofar as Paragraph 130 does not specifically identify which request for coverage and related appeal are being referenced, and, therefore, Defendants deny the same.

131.    Defendants admit that a letter was sent to Hecker on or around May 26, 2020, but otherwise the Defendants state that the letter speaks for itself, and Defendants deny any allegations or implications inconsistent therewith.

132.    Defendants admit that a letter was sent to Hecker on or around May 26, 2020, but otherwise the Defendants state that the letter speaks for itself, and Defendants deny any allegations or implications inconsistent therewith.

19

133.    Defendants admit that a letter was sent to Hecker on or around May 26, 2020, but otherwise the Defendants state that the letter speaks for itself, and Defendants deny any allegations or implications inconsistent therewith.

134.    Defendants are without sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph 134 of the Complaint and, therefore, deny the same.

135.    Defendants are without sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph 135 of the Complaint and, therefore, deny the same.

136.    Defendants are without sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph 136 of the Complaint and, therefore, deny the same.

137.    Defendants are without sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph 137 of the Complaint and, therefore, deny the same.

138.    Defendants are without sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph 138 of the Complaint and, therefore, deny the same.

139.    Defendants are without sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph 139 of the Complaint, insofar as Paragraph 139 does not specifically identify which requests are being referenced, and, therefore, Defendants deny the same.

140.    Defendants are without sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph 140 of the Complaint, insofar as Paragraph 140 does not specifically identify which request for coverage and related appeal are being referenced, and, therefore, Defendants deny the same.

141.    Defendants admit that a letter was sent to Exley on or around May 7, 2020, but otherwise the Defendants state that the letter speaks for itself, and Defendants deny any allegations or implications inconsistent therewith.

142.    Defendants admit that a letter was sent to Exley on or around May 7, 2020, but otherwise the Defendants state that the letter speaks for itself, and Defendants deny any allegations or implications inconsistent therewith.

143.    Defendants admit that a letter was sent to Exley on or around May 7, 2020, but otherwise the Defendants state that the letter speaks for itself, and Defendants deny any allegations or implications inconsistent therewith.

144.    Defendants are without sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph 144 of the Complaint and, therefore, deny the same.

145.    Defendants are without sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph 145 of the Complaint and, therefore, deny the same.

146.    Defendants are without sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph 146 of the Complaint and, therefore, deny the same.

147. Defendants are without sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph 147 of the Complaint and, therefore, deny the same.

148. Defendants are without sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph 148 of the Complaint and, therefore, deny the same.

149. Defendants are without sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph 149 of the Complaint, insofar as Paragraph 149 does not specifically identify which requests are being referenced, and, therefore, Defendants deny the same.

150. Defendants are without sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph 150 of the Complaint, insofar as Paragraph 150 does not specifically identify which request for coverage and related appeal are being referenced, and, therefore, Defendants deny the same.

151. Defendants admit that a letter was sent to Karrick on or around April 13, 2020, but otherwise the Defendants state that the letter speaks for itself, and Defendants deny any allegations or implications inconsistent therewith.

152. Defendants are without sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph 152 of the Complaint, insofar as Paragraph 152 does not specifically identify which request for coverage and related appeal are being referenced, and, therefore, Defendants deny the same.

153. Defendants state that the "Notice of External Review Determination" speaks for itself, and Defendants deny any allegations or implications inconsistent therewith.

154. Defendants state that the "Notice of External Review Determination" speaks for itself, and Defendants deny any allegations or implications inconsistent therewith.

155. Defendants state that the "Notice of External Review Determination" speaks for itself, and Defendants deny any allegations or implications inconsistent therewith.

156. Defendants deny the allegations contained in Paragraph 156 of the Complaint.

157. Defendants state that any letter sent to Karrick on or around December 14, 2020, speaks for itself but otherwise Defendants deny any allegations or implications inconsistent therewith.

158. Paragraph 158 of the Complaint merely repeats and realleges other paragraphs, and thus requires no further answer. To the extent those paragraphs require further answer, Defendants incorporate their answers to those specific paragraphs and allegations as though fully set forth herein.

159. Defendants admit that Plaintiffs purport to bring this action as a class action, but deny that class certification is appropriate.

160. Defendants admit that Plaintiffs seek to represent the class of individuals described in Paragraph 160 of the Complaint, but deny that class certification is appropriate.

161. Defendants deny the allegations contained in Paragraph 161 of the Complaint.

162. Defendants deny the allegations contained in Paragraph 162 of the Complaint.

163. Defendants deny the allegations contained in Paragraph 163 of the Complaint.

164. Defendants deny the allegations contained in Paragraph 164 of the Complaint.

165. Defendants deny the allegations contained in Paragraph 165 of the Complaint.

166. Defendants deny the allegations contained in Paragraph 166 of the Complaint.

167. Defendants deny the allegations contained in Paragraph 167 of the Complaint.

168.    Defendants deny the allegations contained in Paragraph 168 of the Complaint.

169.    Defendants deny the allegations contained in Paragraph 169 of the Complaint.

170.    Defendants deny the allegations contained in Paragraph 170 of the Complaint.

171.    Defendants deny the allegations contained in Paragraph 171 of the Complaint.

172.    Paragraph 172 of the Complaint merely repeats and realleges other paragraphs, and thus requires no further answer.  To the extent those paragraphs require further answer, Defendants incorporate their answers to those specific paragraphs and allegations as though fully set forth herein.

173.    Defendants state that Paragraph 173 sets forth a legal conclusion to which no denial or admission is required.

174.    Defendants deny the allegations contained in Paragraph 174 of the Complaint.

175.    Defendants deny the allegations contained in Paragraph 175 of the Complaint.

176.    Defendants deny the allegations contained in Paragraph 176 of the Complaint.

177.    Defendants deny the allegations contained in Paragraph 177 of the Complaint.

178.    Defendants deny the allegations contained in Paragraph 178 of the Complaint.

179.    Defendants state that Paragraph 179 sets forth a legal conclusion to which no denial or admission is required.

180.    Defendants deny the allegations contained in Paragraph 180 of the Complaint.

181.    Defendants deny the allegations contained in Paragraph 181 of the Complaint.

182.    Defendants state that Paragraph 182 merely characterizes Plaintiffs' claims, and therefore no response is required.

183.    Paragraph 183 of the Complaint merely repeats and realleges other paragraphs, and thus requires no further answer.  To the extent those paragraphs require further answer, Defendants

incorporate their answers to those specific paragraphs and allegations as though fully set forth herein.

184.    Defendants deny the allegations contained in Paragraph 184 of the Complaint.

185.    Defendants deny the allegations contained in Paragraph 185 of the Complaint.

186.    Defendants deny the allegations contained in Paragraph 186 of the Complaint.

187.    Defendants state that Paragraph 187 merely characterizes the relief requested by Plaintiffs, and therefore no response is required.

188.    Defendants deny the allegations contained in Paragraph 188 of the Complaint.

**RESPONSE TO PRAYER FOR RELIEF**

Defendants deny that Plaintiffs are entitled to any of the relief requested in the Prayer for Relief or any other type of relief in this action.

## AFFIRMATIVE DEFENSES

Defendants, by counsel, pursuant to Fed. R. Civ. P. 8(c), without conceding that they have the burden of proof, and subject to further investigation and discovery, hereby assert the following affirmative defenses in this matter:

### First Defense

With respect to the ERISA health benefit plans at issue, to the extent that Plaintiffs (and/or any putative class members) seek remedies outside of the statutory scheme of the Employee Security Income Retirement Act ("ERISA"), 29 USC § 1001 *et seq.*, such claims and/or damages are preempted and barred.

### Second Defense

Plaintiffs' claims (and/or the claims of some or all putative class members) fail because Defendants complied with all requirements of ERISA relating to the ERISA health benefit plans or agreements at issue.

### Third Defense

None of Defendants' claims decisions were arbitrary or capricious, but rather were in accordance with the terms of any applicable health benefit plans or agreements in existence at the time.

### Fourth Defense

Plaintiffs' claims (and/or the claims of some or all putative class members) are barred by the coverage, terms, conditions, authorizations, exclusions, benefits period, limitations on action, exhaustion of administrative remedies, and/or other conditions and definitions contained in any applicable health benefit plan or agreements.

### Fifth Defense

Plaintiffs' claims (and/or the claims of some or all putative class members) are barred, in whole or in part, by the applicable statute of limitations.

### Sixth Defense

Plaintiffs' claims (and/or the claims of some or all putative class members) are barred, in whole or in part, as the Complaint fails to state a claim against Defendants upon which relief can be granted.

### Seventh Defense

Plaintiffs' claims (and/or the claims of some or all putative class members) may be barred, in whole or in part, by waiver, estoppel, and/or laches.

### Eighth Defense

Some or all of the damages claimed by Plaintiffs, including but not limited to, their request for disgorgement of profits, are not recoverable under applicable law.

### Ninth Defense

Plaintiffs' claims (and/or the claims of some or all putative class members) are barred, in whole or in part, because they failed to exhaust administrative remedies available to them.

### Tenth Defense

Plaintiffs' claimed damages (and/or the claimed damages of some or all putative class members), if any, are the result of acts or omissions committed by Plaintiffs and/or other third parties or non-parties over whom Defendants have no responsibility or control.

### Eleventh Defense

Without admitting the allegations contained in the Complaint or that Plaintiffs suffered any damage at all, Plaintiffs (and/or some or all putative class members) failed to take reasonable steps to mitigate any alleged damages.

### Twelfth Defense

Plaintiffs' Complaint should be dismissed for failure to join necessary or indispensable parties.

### Thirteenth Defense

Plaintiffs' claims (and/or the claims of some or all putative class members) are barred, in whole or in part, because they are prohibited by the terms of the relevant health benefit plans and/or agreements.

### Fourteenth Defense

Defendants rely upon all exclusions, defenses, and provisions set forth in any applicable contract.

### Fifteenth Defense

This Court lack subject matter jurisdiction over Plaintiffs' claims (and/or the claims of some or all putative class members), in whole or in part, because these claims are moot.

### Sixteenth Defense

Plaintiffs' claims (and/or the claims of some or all putative class members) may be barred, in whole or in part, by settlement or release.

**Seventeenth Defense**

Defendants reserve the right to assert such other and additional defenses available to them at such time and to such extent as is warranted and as may be revealed through disclosure, discovery and the factual development in this matter.

**Eighteenth Defense**

Defendants hereby adopt and incorporate by reference, as if set forth herein in full, all defenses identified in Fed. R. Civ. P. 8(c), to the extent any such defenses may become applicable to this case and/or as they may later be revealed throughout the course of discovery in this action.

**WHEREFORE**, Defendants respectfully request:

1. That Plaintiffs' Third Amended Complaint be dismissed with prejudice;

2. That judgment be entered in Defendants' favor;

3. Their costs herein expended, including reasonable attorneys' fees, to the extent allowed by law; and

4. Any and all other relief to which they are entitled.

Respectfully submitted,

FROST BROWN TODD LLC

/s/ Jason P. Renzelmann
Cory J. Skolnick
Gene F. Price
Jason P. Renzelmann
Miles R. Harrison
400 West Market Street, 32nd Floor
Louisville, KY 40202-3363
(502) 589-5400
(502) 581-1087 (facsimile)
cskolnick@fbtlaw.com

gprice@fbtlaw.com
jrenzelmann@fbtlaw.com
mharrison@fbtlaw.com
*Counsel for Defendants Anthem, Inc.,
Anthem UM Services, Inc., Anthem Health
Plans of Kentucky, Inc., Rocky Mountain
Hospital and Medical Services, Inc., Blue
Cross Blue Shield of Wisconsin, Blue Cross
Blue Shield Healthcare Plan of Georgia, Inc.,
and Community Insurance Company*

**CERTIFICATE OF SERVICE**

I hereby certify that on October 6, 2021, I caused to be electronically filed the foregoing with the Clerk of the Court by using the CM/ECF System, which will send a notice of electronic filing to all counsel of record:

M. Austin Mehr
Philip G. Fairbanks
Erik D. Peterson
Mehr, Fairbanks & Peterson Trial Lawyers, PLLC
201 West Short Street, Suite 800
Lexington, KY 40507
(859) 225-3731 (phone)
(859) 225-3830 (facsimile)
*Counsel for Plaintiffs*

/s/ Jason P. Renzelmann
*Counsel for Defendants Anthem, Inc.,
Anthem UM Services, Inc., Anthem Health
Plans of Kentucky, Inc., Rocky Mountain
Hospital and Medical Services, Inc., Blue Cross
Blue Shield of Wisconsin, Blue Cross Blue
Shield Healthcare Plan of Georgia, Inc., and
Community Insurance Company*

4820-4675-8393v3